JEFFREY P. MICHALOWSKI (SBN 248073)
jmichalowski@pauplevin.com
MATTHEW W. BURRIS (SBN 325569)
mburris@paulplevin.com
**PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUNIL KUMAR, Ph. D., PRAVEEN SINHA, Ph. D., <br><br> Plaintiffs, <br><br> v. <br><br> DR. JOLENE KOESTER, in her official capacity as Chancellor of California State University, LARRY L. ADAMSON, DIANA AGUILAR-CRUZ, DIEGO ARAMBULA, JACK B. CLARKE JR., ADAM DAY, DOUGLAS FAIGIN, JEAN P. FIRSTENBERG, WENDA FONG, LESLIE GILBERT-LURIE, LILLIAN KIMBELL, MARIA LINARES, JULIA I. LOPEZ, JACK MCGRORY, ANNA ORTIZ-MORFIT, YAMMILETTE RODRIGUEZ, ROMEY SABALIUS, LATEEFAH SIMON, CHRISTOPHER STEIN HAUSER, and JOSE ANTONIO VARGAS, in their official capacities as trustees of California State University, <br><br> Defendants. | Case No. 2:22-cv-07550-RGK-MAA <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Judge:     R. Gary Klausner <br> Trial Date:  Not Set |

1    Defendants answer the Complaint filed herein by admitting, denying and

2    alleging as follows.

3        1.      Answering paragraph 1, Defendants admit that the CSU Policy

4    Prohibiting Discrimination, Harassment, Sexual Misconduct, Sexual Exploitation,

5    Domestic Violence, Stalking, and Retaliation (Nondiscrimination Policy)

6    (hereinafter, the "CSU Nondiscrimination Policy") became effective on January 1,

7    2022, and that it includes the language cited in paragraph 1.

8        2.      Answering paragraph 2, Defendants admit that the word "caste" was

9    added to the CSU Nondiscrimination Policy, but deny each and every remaining

10   allegation in paragraph 2.

11       3.      Answering paragraph 3, Defendants deny that they intended to target

12   members of the Indian/South Asian community and adherents of the Hindu religion

13   for disparate treatment under the CSU Nondiscrimination Policy.  Defendants lack

14   sufficient information or belief to respond to the allegation regarding positions taken

15   by "the State of California."  The allegation that CSU operates "under" the State of

16   California is indecipherable, and Defendants are unable to respond; to the extent a

17   response is required, Defendants deny the allegation.  Defendants further deny each

18   and every remaining allegation in paragraph 3.

19       4.      Answering paragraph 4, Defendants deny all allegations in paragraph 4.

20       5.      Answering paragraph 5, Defendants deny that the CSU

21   Nondiscrimination Policy seeks to define the Hindu religion in any manner.

22   Paragraph 5 includes a statement of law that does not qualify as an allegation and

23   does not require a response; to the extent that a response is required, Defendants

24   admit that Plaintiffs accurately quote the cases cited in this paragraph, but deny that

25   the paragraph constitutes a complete statement of the law.  Defendants lack

26   sufficient information or belief to respond to the allegation regarding the accuracy or

27   inaccuracy of views regarding religious doctrine.  Defendants further deny each and

28   every remaining allegation in paragraph 5.

6.      Answering paragraph 6, Defendants deny that the CSU Nondiscrimination Policy singles out anyone, and further deny that the CSU Nondiscrimination Policy singles out any specific ethnicity, ancestry, religion, or religious practice.  The allegation that "no other Protected Status in the Interim Policy 'addresses' any specific ethnicity, ancestry, religion or alleged religious practices" is indecipherable, and Defendants are unable to respond; to the extent a response is required, Defendants admit that the CSU Nondiscrimination Policy does not specifically identify any ethnicity, ancestry, religion or religious practice in any respect, but otherwise deny the allegation.  Paragraph 6 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the cases cited in this paragraph, but deny that the paragraph constitutes a complete statement of the law.  Defendants further deny each and every remaining allegation in paragraph 6.

7.      Answering paragraph 7, Defendants admit that the CSU Nondiscrimination Policy does not define "caste."  Defendants deny each and every remaining allegation in paragraph 7.

8.      Answering paragraph 8, Defendants lack sufficient information or belief to form a belief about the truth of the allegations contained therein.

9.      Answering paragraph 9, Defendants lack sufficient information of belief to form a belief about the truth of the allegation that Plaintiffs applaud and are in agreement with CSU's efforts to take a firm stance in favor of inclusion and discrimination.  Defendants deny each and every remaining allegation in paragraph 9.

10.      Answering paragraph 10, Defendants admit that Plaintiffs purportedly seek a determination that the term "caste" as used in the CSU Nondiscrimination Policy is unconstitutionally vague, but deny that the relief they seek is warranted, and further deny each and every remaining allegation in paragraph 10.

11.     Answering paragraph 11, Defendants admit that its prior policies already precluded discrimination based on ethnicity and religion.  Defendants deny each and every remaining allegation in paragraph 11.

12.     Answering paragraph 12, Defendants admit that Plaintiffs' complaint seeks an injunction, but deny they are entitled to any relief, and further deny each and every remaining allegation in paragraph 12.

13.     Answering paragraph 13, paragraph 13 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the case cited in this paragraph, but deny that the paragraph constitutes a complete statement of the law.  Defendants deny each and every remaining allegation in paragraph 13.

14.     Answering paragraph 14, Defendants deny each and every allegation in paragraph 14.

15.     Paragraph 15 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 15, Defendants incorporate by reference the foregoing paragraphs of this Answer.

16.     Answering paragraph 16, Defendants admit that Plaintiff Sunil Kumar is a Professor and Thomas G. Pine Faculty Fellow in the Electrical and Computer Engineering Department at San Diego State University, which is in the CSU system. Defendants lack sufficient information or belief to form a belief about the truth of the remaining allegations in paragraph 16.

17.     Answering paragraph 17, Defendants admit that Plaintiff Praveen Sinha is a professor of Accountancy in the College of Business Administration at California State University Long Beach, which is in the CSU system.  Defendants lack sufficient information or belief to form a belief about the truth of the remaining allegations in paragraph 17.

18.     Answering paragraph 18, Defendants lack sufficient information or belief to form a belief about the truth of the allegations in paragraph 18.

19.     Answering paragraph 19, Defendants lack sufficient information or belief to form a belief about the truth of the allegations regarding whether Plaintiffs identify as being members of any caste, nor as to their allegations as to what they fear.  The remainder of the paragraph constitutes a question rather than an allegation, and Defendants are thus unable to admit or deny; to the extent that a response is required, Defendants deny the implication of the question that enforcement of non-discrimination provisions requires attribution of protected categories.

20.     Answering paragraph 20, Defendants deny each and every allegation in paragraph 20.

21.     Answering paragraph 21, Defendants deny each and every allegation in paragraph 21.

22.     Answering paragraph 22 and the footnote thereto, Defendants lack sufficient information or belief to form a belief about the truth of Plaintiffs' allegations regarding what they support.  Defendants lack sufficient information or belief to respond to the allegation regarding how "California" interprets and uses the term "caste."  Defendants deny each and every remaining allegation in paragraph 22.

23.     Answering paragraph 23, Defendants admit that California State University is not a party to this action, that it is a public university, and that it has 23 campuses across the state.  The allegation that the university is "operated by the State of California" is indecipherable; to the extent that a response is required, defendant denies it.

24.     Answering paragraph 24, Defendants admit that the Chancellor of CSU is responsible for adopting and/or enforcing the CSU Nondiscrimination Policy and that the complaint names Defendants only in their official capacities, but denies each and every remaining allegation in the paragraph 24.

/ / /

25.     Answering paragraph 25, Defendants admit that CSU is considered an arm of the state.  Paragraph 25 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants deny each and every remaining allegation in paragraph 25.

26.     Paragraph 26 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 26, Defendants incorporate by reference the foregoing paragraphs of this Answer.

27.     Answering paragraph 27, Defendants admits that this action arises under federal law, but denies that this Court has jurisdiction over this case because Plaintiffs lack standing and the matter is not ripe.

28.     Answering paragraph 28, defendants deny each and every allegation in paragraph 29.

29.     Answering paragraph 29, Defendants admit that Plaintiffs contend that venue is proper in this District.  To the extent that the remaining allegations set forth in Paragraph 29 constitute a statement of position, a statement of law or argument those allegations require no response.

30.     Paragraph 30 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 30, Defendants incorporate by reference the foregoing paragraphs of this Answer.

31.     Answering paragraph 31, Defendants admit that the CSU Nondiscrimination Policy applies to employees, professors and students, and that it prohibits the specified discrimination and harassment. Defendants further admit that the policy became effective on January 1, 2022.

32.     Answering paragraph 32, Defendants admit.

33.     Answering paragraph 33, Defendants admit that the CSU Nondiscrimination Policy prohibits discrimination and harassment based on Ethnicity, and that caste is listed as subcategory following "Race or Ethnicity." Defendants admit that certain employees at CSU "who know[] or have reason to

know of incidents that may violate th[e] Nondiscrimination Policy ha[ve] a duty to promptly report," but deny that this reporting obligation applies to all CSU employees.

34.     Answering paragraph 34, Defendants admit that the Nondiscrimination Policy does not define "caste."  Defendants deny each and every remaining allegation in paragraph 34.

35.     Answering paragraph 35, Defendants deny the allegation that "caste is not a term that is familiar to the vast majority of CSU employees, professors or students."

36.     Answering paragraph 36, defendants deny each and every allegation in paragraph 36.

37.     Answering paragraph 37, Defendants admit that the paragraph accurately quotes a complaint filed in Santa Clara Superior Court, but lack sufficient information or belief to respond to the allegation regarding what positions are taken by "the State of California."  The allegation that CSU operates "under" the State of California is indecipherable, and Defendants are unable to respond; to the extent a response is required, Defendants deny the allegation.

38.     Answering paragraph 38, Defendants admit that Plaintiffs correctly quotes from a CFA Resolution.  Except as expressly admitted, Defendants deny each and every allegation in paragraph 38 of the complaint.

39.     Answering paragraph 39, Defendants deny each and every allegation in paragraph 39.

40.     Paragraph 40 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 40, Defendants incorporate by reference the foregoing paragraphs of this Answer.

/ / /

/ / /

/ / /

41.     Answering paragraph 41, paragraph 41 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the Constitution, but deny that the paragraph constitutes a complete statement of the law.

42.     Answering paragraph 42, Defendants lack sufficient information to admit or deny.

43.     Answering paragraph 43, Defendants admit.

44.     Answering paragraph 44, paragraph 44 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quotes the cited case, but deny that the paragraph constitutes a complete statement of the law.

45.     Answering paragraph 45, Paragraph 45 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the cited case, but deny that the paragraph constitutes a complete statement of the law.

46.     Answering paragraph 46, defendants deny each and every allegation of paragraph 46.

47.     Answering paragraph 47, paragraph 47 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants deny that Plaintiffs' assertion accurately summarizes any legal case or rule.

48.     Answering paragraph 48, paragraph 48 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the cited cases, but deny that the paragraph constitutes a complete statement of the law.

49.     Answering paragraph 49, Defendants deny each and every allegation in paragraph 49.

50.     Answering paragraph 50, Defendants deny that the Constitution prohibits "linking" a caste system and the Hindu religion, and lack sufficient information to form a belief about the truth of the remaining allegations alleged in paragraph 50.

51.     Answering paragraph 51, Defendants lack sufficient information form a belief about the truth of the allegations contained therein.

52.     Answering paragraph 52, paragraph 52 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the cited case, but deny that the paragraph constitutes a complete statement of the law.

53.     Answering paragraph 53, paragraph 53 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the cited case, but deny that the paragraph constitutes a complete statement of the law.

54.     Answering paragraph 54, paragraph 54 includes statements of law that do not qualify as allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the cited case, but deny that the paragraph constitutes a complete statement of the law.

55.     Answering paragraph 55, paragraph 55 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants deny that the cited cases (*Al Saud v. Days*, 36 F.4th 949, 953 (9th Cir. 2022) or *Mitchell v. Washington*, 818 F.3d 436 (9th Cir. 2018)) support the cited proposition, nor that the cited proposition constitutes a complete statement of the law.

56.     Answering paragraph 56, Defendants deny each and every allegation in paragraph 56.

57.     Answering paragraph 57, Defendants deny each and every allegation in paragraph 57.

58.    Answering paragraph 58, paragraph 58 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the cited case, but deny that the paragraph constitutes a complete statement of the law.

59.    Answering paragraph 59, paragraph 59 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote *Wal-Mart Stores, Inc. v. City of Turlock*, 483 F. Supp. 2d 987 (E.D. Cal. 2006), but deny that the quotation constitutes a complete statement of the law, and deny that Plaintiffs accurately summarize *Santa Cruz Lesbian & Gay Comm. Ctr. V. Trump*, 508 F. Supp. 3d 521 (N.D. Cal. 2020).

60.    Answering paragraph 60, Defendants deny each and every allegation in paragraph 60.

61.    Answering paragraph 61, Defendants admit that the CSU Nondiscrimination Policy does not define "caste" or identify the basis for characterizing it as a subcategory.  Defendants deny each and every remaining allegation in paragraph 61.

62.    Answering paragraph 62, defendants deny each and every allegation in paragraph 62.

63.    Answering paragraph 63, Defendants deny each and every allegation in paragraph 65.

64.    Paragraph 64 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 64, Defendants incorporate by reference the foregoing paragraphs of this Answer.

65.    Answering paragraph 65, Defendants deny each and every allegation in paragraph 65.

66.    Answering paragraph 66, Defendants deny each and every allegation in paragraph 66.

67.     Answering paragraph 67, Defendants deny each and every allegation paragraph 67.

68.     Answering paragraph 68, Defendants deny each and every allegation paragraph 67.

69.     Paragraph 69 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 69, Defendants incorporate by reference the foregoing paragraphs of this Answer.

70.     Answering paragraph 70, Defendants admit that 42 U.S.C. section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding . . . ." Defendants deny that Plaintiffs' summary of the statute constitutes a complete summary of the law.

71.     Answering paragraph 71, Defendants admit.

72.     Answering paragraph 72, Defendants admit that the Chancellor was and is a state actor and/or acting under color of state law with respect to the Nondiscrimination Policy.  Defendants deny each and every remaining allegation in paragraph 72.

73.     Answering paragraph 73, Defendants admit that Plaintiffs may sue for First Amendment violations under 42 U.S.C. section 1983 in certain circumstances, but deny that Plaintiffs' statement constitutes a complete statement of the law.

74.     Answering paragraph 74, paragraph 74 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the cited cases, but deny that the paragraph constitutes a complete statement of the law. / / /

75. Answering paragraph 75, Defendants deny each and every allegation in paragraph 75.

76. Answering paragraph 76, Defendants deny each and every allegation in paragraph 76.

77. Answering paragraph 77, Defendants deny each and every allegation in paragraph 77.

78. Answering paragraph 78, Defendants deny each and every allegation in paragraph 78.

79. Answering paragraph 79, Defendants deny each and every allegation in paragraph 79.

80. Answering paragraph 80, Defendants deny each and every allegation in paragraph 80.

81. Answering paragraph 81, Defendants deny each and every allegation in paragraph 81.

82. Answering paragraph 82, Defendants deny each and every allegation in paragraph 82.

83. Answering paragraph 83, Defendants deny each and every allegation in paragraph 83.

84. Answering paragraph 84, Defendants deny each and every allegation in paragraph 84.

85. Paragraph 85 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 85, Defendants incorporate by reference the foregoing paragraphs of this Answer.

86. Answering paragraph 86, Defendants deny each and every allegation in paragraph 86.

87. Answering paragraph 87, the allegation that "No other religion or religious practice is included in the Interim Policy" is indecipherable, and Defendants are unable to respond; to the extent a response is required, Defendants

admit that the Nondiscrimination Policy does not specifically identify any religion or religious practice but otherwise deny the allegation.

88.     Answering paragraph 88, Defendants deny each and every allegation in paragraph 88.

89.     Answering paragraph 89, Defendants admit that the Chancellor was and is a state actor and/or acting under color of state law with respect to the Nondiscrimination Policy. Defendants deny each and every remaining allegation in paragraph 89.

90.     Answering paragraph 90, Defendants admit that the Chancellor was and is a state actor and/or acting under color of state law  with respect to the Nondiscrimination Policy. Defendants deny each and every remaining allegation in paragraph 90.

91.     Answering paragraph 91, Defendants deny each and every allegation in paragraph 91.

92.     Answering paragraph 92, Defendants deny each and every allegation in paragraph 92.

93.     Answering paragraph 93, Defendants deny each and every allegation in paragraph 93.

94.     Answering paragraph 94, Defendants deny each and every allegation in paragraph 94.

95.     Answering paragraph 95, Defendants deny each and every allegation in paragraph 95.

96.     Answering paragraph 96, Defendants deny each and every allegation in paragraph 96.

97.     Answering paragraph 97, Defendants deny each and every allegation in paragraph 97.

/ / /

/ / /

98.     Paragraph 98 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 98, Defendants incorporate by reference the foregoing paragraphs of this Answer.

99.     Answering paragraph 99, to the extent that a response is required to Plaintiffs assertions of law, Defendants admit that Plaintiffs accurately quote the Constitution, but deny that the paragraph constitutes a complete statement of the law.  Defendants deny each and every remaining allegation in paragraph 99.

100.    Answering paragraph 100, paragraph 100 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants deny that *Barnes v. Wallace v. City of San Diego*, 704 F.3d 1067 (9th Cir. 2012) stands for the proposition that "the Religion Clauses of the California Constitution offer religion the same, if not more, protections as those under the Federal Constitution."  Defendants deny each and every remaining allegation in paragraph 100.

101.    Answering paragraph 101, Defendants deny each and every allegation in paragraph 101.

102.    Answering paragraph 102, Defendants deny each and every allegation in paragraph 102.

103.    Answering paragraph 103, Defendants deny each and every allegation in paragraph 103.

104.    Answering paragraph 104, Defendants deny each and every allegation in paragraph 104.

105.    Answering paragraph 105, Defendants deny each and every allegation in paragraph 105.

106.    Paragraph 106 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 106, Defendants incorporate by reference the foregoing paragraphs of this Answer.

/ / /

107.   Answering paragraph 107, to the extent that a response is required to Plaintiffs assertions of law, Defendants admit that Plaintiffs accurately quote the Constitution, but deny that the paragraph constitutes a complete statement of the law.

108.   Answering paragraph 108, to the extent that a response is required to Plaintiffs assertions of law, Defendants admit that Plaintiffs may sue for Equal Protection Clause violations under 42 U.S.C. section 1983 in certain circumstances, but deny that Plaintiffs' statement constitutes a complete statement of the law.

109.   Answering paragraph 109, paragraph 109 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the case cited in this paragraph, but deny that the paragraph constitutes a complete statement of the law.

110.   Answering paragraph 110, Defendants deny each and every allegation in paragraph 110.

111.   Answering paragraph 111, Defendants admit that the Chancellor was and is a state actor and/or acting under color of state law with respect to the Nondiscrimination Policy.  Defendants deny each and every remaining allegation in paragraph 111.

112.   Answering paragraph 112, Defendants admit that the Chancellor was and is a state actor and/or acting under color of state law with respect to the Nondiscrimination Policy.  Defendants deny each and every remaining allegation in paragraph 112.

113.   Answering paragraph 113, Defendants deny each and every allegation in paragraph 113.

114.   Answering paragraph 114, Defendants deny each and every allegation in paragraph 114.

/ / /

115.   Answering paragraph 115, the allegation that "No other religion, alleged religious practice, or ancestry are 'contained' in the Interim Policy" is indecipherable, and Defendants are unable to respond; to the extent a response is required, Defendants admit that the CSU Nondiscrimination Policy does not specifically identify any religion, religious practice, or specific type of ancestry, but otherwise deny the allegation.

116.   Answering paragraph 116, Defendants deny each and every allegation in paragraph 116.

117.   Answering paragraph 117, Defendants deny each and every allegation in paragraph 117.

118.   Answering paragraph 118, Defendants deny each and every allegation in paragraph 118.

119.   Answering paragraph 119, Defendants deny each and every allegation in paragraph 119.

120.   Paragraph 120 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 120, Defendants incorporate by reference the foregoing paragraphs of this Answer.

121.   Answering paragraph 121, paragraph 121 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the cases cited in this paragraph, but deny that the paragraph constitutes a complete statement of the law.  Defendants deny each and every remaining allegation in paragraph 121.

122.   Answering paragraph 122, Defendants deny each and every allegation in paragraph 122.

123.   Paragraph 123 incorporates by reference the foregoing paragraphs of the Complaint.  Answering Paragraph 123, Defendants incorporate by reference the foregoing paragraphs of this Answer.

124.   Answering paragraph 124, paragraph 124 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quote the case cited in this paragraph, but deny that the paragraph constitutes a complete statement of the law.

125.   Answering paragraph 125, paragraph 125 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quotes the case cited in this paragraph, but deny that the paragraph constitutes a complete statement of the law.

126.   Answering paragraph 126, to the extent that a response is required to Plaintiffs assertions of law, Defendants admit that Plaintiffs may bring void for vagueness claims under 42 U.S.C. section 1983 in certain circumstances, but deny that Plaintiffs' statement constitutes a complete statement of the law.

127.   Answering paragraph 127, paragraph 127 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendants admit that Plaintiffs accurately quotes the case cited in this paragraph, but deny that the paragraph constitutes a complete statement of the law.

128.   Answering paragraph 128, Defendants admit that the CSU Nondiscrimination Policy does not define "caste."  Defendants deny each and every remaining allegation in paragraph 128.

129.   Answering paragraph 129, Defendants deny each and every allegation in paragraph 129.

130.   Answering paragraph 130, Defendants deny each and every allegation in paragraph 130.

131.   Answering paragraph 131, Defendants deny each and every allegation in paragraph 131.

1        132.   Answering paragraph 132, Defendants deny each and every allegation

2  in paragraph 132.

3        133.   Answering paragraph 133, Defendants deny each and every allegation

4  in paragraph 133.

5        134.   Answering paragraph 134, Defendants deny each and every allegation

6  in paragraph 134.

7        135.   Answering paragraph 135, Defendants deny each and every allegation

8  in paragraph 135.

9        136.   Answering paragraph 136, Defendants deny each and every allegation

10  in paragraph 136.

11        137.   Paragraph 137 incorporates by reference the foregoing paragraphs of

12  the Complaint.  Answering Paragraph 137, Defendants incorporate by reference the

13  foregoing paragraphs of this Answer.

14        138.   Answering paragraph 138, paragraph 138 consists of a statement of law

15  that does not qualify as an allegation and does not require a response; to the extent

16  that a response is required, Defendants admit that Plaintiffs accurately quote the

17  cases cited in this paragraph, but deny that the paragraph constitutes a complete

18  statement of the law.  Defendants deny that the CSU Nondiscrimination Policy is

19  void for vagueness under the California Constitution or under the Federal

20  Constitution, and further deny each and every remaining allegation of the paragraph.

21        139.   Answering Plaintiffs' Prayer for Relief, Defendants deny that Plaintiffs

22  are entitled to the relief requested or any relief, and further deny that they have been

23  damaged in any nature or amount.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## DEFENSES

### FIRST DEFENSE

#### (FAILURE TO STATE A CLAIM)

The complaint and each of its causes of action fail to state a claim upon which relief can be granted against Defendants.

### SECOND DEFENSE

#### (STANDING)

The complaint and each of its causes of action fail to state a claim because Plaintiffs lack standing to assert those claims.

### THIRD DEFENSE

#### (RIPENESS)

Plaintiffs' complaint and each of its causes of action are barred, in whole or in part, by the doctrine of ripeness.

### FOURTH DEFENSE

#### (ELEVENTH AMENDMENT)

Plaintiffs' request for relief other than declaratory relief and prospective injunctive relief is barred under the Eleventh Amendment to the U.S. Constitution.

### FIFTH DEFENSE

#### (RESERVATION OF DEFENSE)

Defendants do not presently know all of the facts and circumstances respecting Plaintiffs' claims, and therefore reserve the right to amend this answer should they later discover information demonstrating the existence of additional affirmative defenses.

/ / /

/ / /

/ / /

/ / /

/ / /

1                                *     *     *

2          WHEREFORE, said Defendants pray as follows:

3          1.      That the action be dismissed with prejudice;

4          2.      That Plaintiffs take nothing by this action;

5          3.      That Defendants recover costs of suit incurred herein;

6          4.      For such other and further relief as the Court deems proper and just.

7

8   Dated:  December 14, 2022          PAUL, PLEVIN, SULLIVAN &
                                       CONNAUGHTON LLP
9

10

11                                     By: _____/s/ Matthew W. Burris_____

12                                         JEFF MICHALOWSKI
                                           MATTHEW W. BURRIS
13                                         Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Local Rule 38-1, Defendants hereby demand trial by jury.

Dated:  December 14, 2022          PAUL, PLEVIN, SULLIVAN &
                                  CONNAUGHTON LLP


                                  By: _____/s/ *Matthew W. Burris*_____
                                       JEFF MICHALOWSKI
                                       MATTHEW W. BURRIS
                                       Attorneys for Defendants