JOHN J. SHAEFFER (SBN 138331)
  JShaeffer@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

MICHAEL K. TWERSKY (pro hac vice)
  MTwersky@FoxRothschild.com
BETH WEISSER (pro hac vice)
  BWeisser@FoxRothschild.com
Blue Bell, PA 19422
Telephone: (215) 299-2923
Facsimile: (610) 397-0450
Attorneys for Plaintiffs
Sunil Kumar, Ph.D. and Praveen Sinha, Ph.D.

RICHARD A. PAUL (SBN 57976)
rich.paul@quarles.com
JEFFREY P. MICHALOWSKI (SBN 248073)
jeff.michalowski@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
ADRIELLI FERRER (SBN 348069)
adrielli.ferrer@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700
Attorneys for Defendants

RULE 26(f) REPORT

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL KUMAR, Ph. D, PRAVEEN SINHA, Ph. D., <br> Plaintiffs, <br> v. <br> Dr. JOLENE KOESTER, et al., <br> Defendants. | Case No. 2:22-cv-07550-RGK-MAA <br><br> **JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN** <br><br> Judge: Hon. R. Gary Klausner <br><br> Scheduling Conference: <br> March 6, 2023; 9:00 a.m. |

Counsel for Plaintiffs and Defendants (collectively, the "Parties") met and conferred as required by Federal Rule of Civil Procedure 26(f), the Local Rules for the United States District Court for the Central District of California, and Court Order. The Parties jointly prepared and now submit this report as follows.

1. **CONFERENCE OF THE PARTIES**

On January 6, 2023, the Parties met and conferred by video conference to discuss the items listed in Fed. R. Civ. P. 16(b)-(c) and 26(f). John Shaeffer and Michael Twersky participated on behalf of Plaintiffs. Jeff Michalowski and Rich Paul participated on behalf of Defendants.

2. **PARTIES TO THE LITIGATION**

Plaintiffs Sunil Kumar, Ph. D. and Praveen Sinha, Ph. D. are professors at California State University ("CSU"). They are both residents of California.

Defendant Jolene Koester is the Chancellor of CSU. The remaining defendants are the appointed Trustees of the CSU Board of Trustees. All Defendants are named in their official capacities only. All Defendants are residents of California.

The parties intend to file before the March 6, 2023 Scheduling Conference a Stipulation and Proposed Order for plaintiffs to file a First Amended Complaint naming only one Defendant (*i.e.*, Dr. Jolene Koester, in her official capacity as

RULE 26(f) REPORT

2

1 Chancellor of California State University), which will result in the dismissal
2 (without prejudice) of the remaining defendants.

3. **SYNOPSIS OF CASE AND DISPUTED LEGAL ISSUES**

*Plaintiffs' Statement*: Plaintiffs filed a Complaint on October 17, 2022 in which they assert eight causes of action related to CSU's adoption in 2022 of its Interim Policy Prohibiting Discrimination, Harassment, Sexual Exploitation, Dating Violence, Domestic Violence, Stalking and Retaliation (the "Interim Policy"). The Interim Policy applies to Plaintiffs, who are professors at CSU.

All of the causes of action relate to the constitutionality of the Interim Policy, which added for the first time "caste" as an element of discrimination based on "Race or Ethnicity." Plaintiffs allege that the inclusion of "caste" improperly singles out members of the Indian/Southeast Asian community and adherents of the Hindu religion in violation of the United States and California constitutions. While the term "caste" is not among the 44 specifically defined terms in the Interim Policy (thus making it unconstitutionally vague), Plaintiffs allege that, as used in the Interim Policy, it is inextricably intertwined with the Hindu religion and India/South Asia. Consequently, the Interim Policy is unconstitutional under federal and state law.

*Defendants' Statement:* Effective January 1, 2022, CSU added the word "caste" to the text of its Nondiscrimination Policy. As a result, the Nondiscrimination Policy reads "The CSU prohibits the following conduct . . . Discrimination based on any Protected Status: i.e., . . . Race or Ethnicity (including color, caste, or ancestry) . . . ."

The Nondiscrimination Policy is neutral toward religion and national origin. It bars discrimination based on race or ethnicity (including color, caste, or ancestry) *by anyone at CSU* (regardless of their religion or national origin), and it likewise bars discrimination based on race or ethnicity (including color, caste, or ancestry) *against*

*anyone at CSU* (regardless of their religion or national origin). The policy does not target, and does not even mention, any particular religion or national origin.

In addition, Plaintiffs cannot satisfy Article III's justiciability standards for standing or ripeness. They have identified no actual or imminent alleged injury and thus lack Article III standing to challenge the Nondiscrimination Policy.

4. **SUBJECT MATTER JURISDICTION**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims asserted by Plaintiffs arise under the laws and Constitution of the United States; specifically, 42 U.S.C. § 1983 *et seq.* Plaintiff contends that the Court should exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, as the state law claims arise from the same facts that give rise to their claims under 28 U.S.C. § 1331.

Defendants contend that plaintiffs lack standing to sue, as explained above. Defendants further contend that, if no federal claims survive pretrial motion(s), the Court should decline to exercise supplemental jurisdiction over any remaining state law claims.

5. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**

The Parties do not anticipate adding parties to this matter. Pursuant to the proposed Scheduling Order submitted herewith (*see* Exhibit A), the Parties propose any amendments to the Pleadings be completed by May 1, 2023 (assuming no stay of discovery as addressed below) or within two weeks following the Court's determination of Defendants' Motion for Judgment on the Pleadings (to be filed by March 20, 2023).

The parties intend to file before the March 6, 2023 Scheduling Conference a Stipulation and Proposed Order authorizing plaintiffs to file a First Amended Complaint naming only one Defendant (*i.e.*, Dr. Jolene Koester, in her official

RULE 26(f) REPORT

4

capacity as Chancellor of California State University), which will result in dismissal, without prejudice, of the remaining defendants.

**6. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties respectfully do not consent to have a Magistrate Judge preside over all of the proceedings in this matter.

**7. DISCOVERY PLAN**

    **A. Initial Disclosures:** The Parties have exchanged Initial Disclosures.

    **B. Types of Discovery:** The Parties anticipate serving written discovery requests, including interrogatories, document requests and requests for admission, deposing fact and expert witnesses, and conducting third party discovery as needed in the form of subpoenas for depositions and documents.

    **C. Phased Discovery:** The Parties do not believe that phased or limited discovery is needed given the issues in this case. However, the parties have discussed and agree, pending approval by the Court, to a stay of discovery until the Court rules on defendant's Motion for Judgment on the Pleadings.

    **D. Subjects of Discovery:** The subjects of Plaintiffs' anticipated discovery include, but are not limited to: (1) the adoption, impetus and lobbying related to the Interim Policy and the Collective Bargaining Agreement between CSU and the California Faculty Association ("CBA"); (2) definition of "caste" and its inclusion in the Interim Policy and CBA; and (3) claims of alleged caste discrimination at CSU.

The subjects of Defendants' anticipated discovery include Plaintiffs' understanding of the term "caste," Plaintiffs' communications with advocacy litigation groups, Plaintiffs' perceptions regarding threats that the Nondiscrimination Policy will be enforced against them (or others), Plaintiffs' (or others') injuries stemming from CSU's revisions to the Nondiscrimination Policy,

and Plaintiffs' (or others') injuries stemming from CSU's enforcement or attempted enforcement of the Nondiscrimination Policy.

**E.     Preservation of Discoverable Information:** The Parties do not anticipate issues regarding preservation of discoverable information. To the extent any issues arise, the Parties will work together to resolve any differences and/or disagreements before seeking judicial intervention.

**F.     Electronically Stored Information ("ESI"):** The Parties have begun initial discussions regarding the production of ESI. The Parties agree that the cost and burden of extensive ESI must be balanced by the value of any potentially discoverable information. While the Parties do not anticipate any issues regarding ESI, they have agreed to discuss an appropriate ESI protocol if necessary. Any such protocol will involve identifying and searching only particular custodians ESI and use agreed upon search terms to search for ESI.

**G.     Privilege Claims:** The Parties will meet and confer on any issues that arise concerning claims of privilege. The Parties agree that any privileged communications that arise after the filing the lawsuit and that concern the lawsuit need not be included on any privilege log.

**H.     Expert Discovery:** Plaintiffs anticipate expert witnesses in this case on certain topics, including: (1) the history and use of the term "caste" in the jurisprudence of United States law; (2) the history of what is referred to as the "caste system" in Indian/Southeast Asian community; (3) the Hindu religion and any relationship it has with a "caste system;" and (4) public understanding and perception of the meaning of "caste."

Defendants anticipate expert witnesses regarding (1) the existence and consequences of discrimination based on caste; (2) discrimination based on caste by and against individuals unaffiliated with the Hindu religion; and (3) discrimination

based on caste by and against individuals who are not of Indian or Southeast Asian origin or ancestry.

  **I.** **Limitations on Discovery:** The Parties agree to the standard discovery limitations set forth in the Federal Rules of Civil Procedure. The Parties agree that they will meet and confer in the event that additional interrogatories or depositions are needed beyond those permitted under the Federal Rules.

  **J.** **Discovery Cutoff Dates:**

Defendants intend to file a Motion for Judgment on the Pleadings by March 20, 2023, with a proposed hearing date of May 1, 2023. The Parties agree to the following deadlines:

    i. Fact Discovery Cutoff: October 2, 2023 (if discovery is not stayed pending decision on Defendant's Motion for Judgment on the Pleadings ) or five months following the Court's determination of Defendants' Motion for Judgment on the Pleadings (should the Court agree to a stay of discovery).

    ii. Expert Discovery Cutoff: November 13, 2023 (with no stay of discovery) or six weeks following the close of fact discovery (should the Court agree to stay discovery).

The Parties believe these deadlines will provide sufficient time for the Court to hear any related discovery motions pursuant to the proposed schedule attached at Exhibit A.

  **K.** **Other Issues Affecting Discovery:** Defendants intend to file a Motion for Judgment on the Pleadings by March 20, 2023. Pending Court approval, Defendants propose, and Plaintiffs agree to, a stay of discovery until the Court rules on that Motion. To the extent that this Court calendar necessitates a delay in ruling on that motion, the parties may need to seek an extension of the discovery cut off concomitant with any tolling of any decision on that motion.

8. **DAMAGES**

Plaintiffs seek equitable and other relief pursuant to 42 U.S.C. § 1983 *et seq.*

9. **INSURANCE**

Not applicable.

10. **PENDING AND/OR CONTEMPLATED MOTIONS**

Defendants intend to file a Motion for Judgment on the Pleadings on or before March 11, 2023 pursuant to the proposed schedule attached at Exhibit A. The Parties anticipate filing Cross-Motions for Summary Judgment following discovery.

11. **MANUAL FOR COMPLEX LITIGATION**

No procedures from the Manual are recommended at this time.

12. **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Given that Plaintiffs challenge the constitutionality of a systemwide policy at CSU, and because Defendants do not believe that changes to its policy are warranted under the law,, the Parties do not believe that any form of ADR will be productive, and that the Parties instead need to litigate this matter to a decision. Nevertheless, the Parties agree to ADR Procedure No. 1 (*i.e.*, settlement proceedings with the Magistrate Judge).

13. **SEVERANCE, BIFURCATION OR OTHER ORDERING PROOF**

The Parties do not believe any issues require severance, bifurcation or other ordering proof at this time.

14. **CLASS ACTION ISSUES**

None.

15. **TRIAL ESTIMATE**

The Parties believe that this case involves purely legal issues regarding the constitutionality of the Interim Policy and can be decided on Motions for Summary

Judgment. Nevertheless, should this matter proceed to trial the Parties believe that any such trial should take approximately 4-5 days.

### 16. TRIAL COUNSEL

Plaintiffs: Michael Twersky and John Shaeffer.

Defendants: Jeffrey Michalowski and Rich Paul.

### 17. INDEPENDENT EXPERT OR MASTER

The Parties do not believe that an independent expert or master is needed.

### 18. PROPOSED SCHEDULE

The Parties jointly propose the schedule attached at Exhibit A.

### 19. OTHER ISSUES

Following a ruling on Defendants' Motion for Judgment on the Pleadings and, if necessary, the Parties Motions for Summary Judgment, the Parties will meet and confer on whether to waive their respective demands for jury trials in lieu of a bench trial.

Dated: February 24, 2023

Respectfully submitted,

*/s/ John Shaeffer*
**FOX ROTHSCHILD, LLP**
John Shaffer (SBN 138331)
10250 Constellation Blvd.
Suite 900
Los Angeles, CA 90067
(310) 228-4481 (tel)
jshaffer@foxrothschild.com

Michael K. Twersky (pro hac vice)
Beth Weisser (pro hac vice)
980 Jolly Road, Suite 110
Blue Bell, PA 19422
(215) 299-2923 (tel)
mtwersky@foxrothschild.com
bweisser@foxrothschild.com

*Attorneys for Plaintiffs*

Dated: February 24, 2023

/s/ JEFFREY P. MICHALOWSKI
**PAUL, PLEVINS, SULLIVAN & CONNAUGHTON, LLP**
Jeffrey P. Michalowski (SBN 248073)
Matthew W. Burris (SBN 325569)
101 West Broadway, Ninth Floor
San Diego, CA 92101
(619) 237-5200 (tel)
jmichalowski@paulplevin.com
mburris@paulplevin.com

*Attorneys for Defendants*

**EXHIBIT A**

**EXHIBIT A**
**KUMAR et al., v. KOESTER, et al.**
**Case No.: 2:22-cv-07550-RGK-MAA**

**PROPOSED SCHEDULE**

| Event | Joint Requested Date | Court Order |
|---|---|---|
| Exchange of Initial Disclosures | Completed on January 20, 2023 | |
| Motion for Judgment on the Pleadings[1] | March 20, 2023 | |
| Response to Motion for Judgment on the Pleadings | April 3, 2023 | |
| Reply in Further Support of Motion for Judgment on the Pleadings | April 17, 2023 | |
| Hearing Date on Motion for Judgment on the Pleadings | May 1, 2023 or alternative date set by Court | |
| Amended Pleading and Addition of Parties Cut-Off (includes hearing of motions to amend) | May 1, 2023 | |
| Non-Expert Discovery Cut-Off and last day to file discovery motions | October 2, 2023 | |

---

[1] The Parties have discussed, and agree to pending approval by the Court, a stay of discovery until the Court rules on Defendants' Motion for Judgment on the Pleadings. In the event the Court rules on the Motion on or around the requested hearing date, the Parties believe they can meet the discovery deadlines in the proposed schedule. If the Court's decision on the Motion is delayed following briefing and argument, the Parties may need to seek an extension of these deadlines.

| | | |
|---|---|---|
| Initial Expert Disclosure and Report Deadline | October 16, 2023 | |
| Rebuttal Expert Disclosure and Report Deadline | October 30, 2023 | |
| Expert Discovery Cut-Off | November 13, 2023 | |
| Dispositive Motion filing Deadline | December 18, 2023 | |
| Settlement Conference Completion Date | January 15, 2024 | |
| Notice of Settlement/Joint Report re: Settlement | January 19, 2024 | |
| Deadline for meeting of counsel before Final Pre-Trial Conference (40 days before Pre-Trial Conference) | February 28, 2024 | |
| Motions in limine filed (45 days before trial) | March 8, 2024 | |
| Deadline to file Memorandum of Contentions of Fact and Law, Proposed Findings of Fact and Conclusions of Law, Witness List, Exhibit List (21 days before Final Pre-Trial Conference) | March 18, 2024 | |
| Deadline to lodge proposed pretrial conference order and pretrial exhibit stipulation (21 days before Final Pre-Trial Conference) | March 18, 2024 | |

141640577.1

| | | |
|---|---|---|
| Opposition to motions *in limine* due. (25 days before trial) | March 28, 2024 | |
| Final Pre-Trial Conference | April 8, 2024 | |
| Reply to Motions in Limine. (10 days before trial) | April 12, 2024 | |
| Deadline to file Proposed Jury Instructions – Joint, Separate and Objections. (7 days before trial) | April 15, 2024 | |
| Trial | April 22, 2024 | |