RICHARD A. PAUL (SBN 057976)
rich.paul@quarles.com
JEFFREY P. MICHALOWSKI (SBN 248073)
jeff.michalowski@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
ADRIELLI FERRER (SBN 348068)
adrielli.ferrer@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Chancellor Jolene Koester

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUNIL KUMAR, Ph. D., PRAVEEN SINHA, Ph. D., | Case No. 2:22-cv-07550-RGK-MAA |
| Plaintiffs, | **DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| DR. JOLENE KOESTER, in her official capacity as Chancellor of California State University, | Judge:        R. Gary Klausner |
| Defendant. | Trial Date:   Not Set |

Dr. Jolene Koester, in her official capacity as Chancellor of California State University ("CSU"), ("Defendant"), answers the First Amended Complaint filed herein by admitting, denying and alleging as follows:

1.      Answering paragraph 1, Defendant admits that the CSU Policy Prohibiting Discrimination, Harassment, Sexual Misconduct, Sexual Exploitation, Domestic Violence, Stalking, and Retaliation (Nondiscrimination Policy) (hereinafter, the "CSU Nondiscrimination Policy") became effective on January 1, 2022, and that it includes the language cited in paragraph 1.

/ / /

2.     Answering paragraph 2, Defendant admits that the word "caste" was added to the CSU Nondiscrimination Policy, but denies each and every remaining allegation in paragraph 2.

3.     Answering paragraph 3, Defendant denies that the CSU intended to target members of the Indian/South Asian community and adherents of the Hindu religion for disparate treatment under the CSU Nondiscrimination Policy.  Defendant lacks sufficient information or belief to respond to the allegation regarding positions taken by "the State of California."  The allegation that CSU operates "under" the State of California is indecipherable, and Defendant is unable to respond; to the extent a response is required, Defendant denies the allegation.  Defendant further denies each and every remaining allegation in paragraph 3.

4.     Answering paragraph 4, Defendant denies all allegations in paragraph 4.

5.     Answering paragraph 5, Defendant denies that the CSU Nondiscrimination Policy seeks to define the Hindu religion in any manner. Paragraph 5 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cases cited in this paragraph, but denies that the paragraph constitutes a complete statement of the law.  Defendant lacks sufficient information or belief to respond to the allegation regarding the accuracy or inaccuracy of views regarding religious doctrine.  Defendant further denies each and every remaining allegation in paragraph 5.

6.     Answering paragraph 6, Defendant denies that the CSU Nondiscrimination Policy singles out anyone, and further denies that the CSU Nondiscrimination Policy singles out any specific ethnicity, ancestry, religion, or religious practice.  The allegation that "no other Protected Status in the Interim Policy 'addresses' any specific ethnicity, ancestry, religion or alleged religious practices" is indecipherable, and Defendant is unable to respond; to the extent a response is required, Defendant admits that the CSU Nondiscrimination Policy does not

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

specifically identify any ethnicity, ancestry, religion or religious practice in any respect, but otherwise denies the allegation.  Paragraph 6 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cases cited in this paragraph, but denies that the paragraph constitutes a complete statement of the law.  Defendant further denies each and every remaining allegation in paragraph 6.

7.     Answering paragraph 7, Defendant admits that the CSU Nondiscrimination Policy does not define "caste."  Defendant denies each and every remaining allegation in paragraph 7.

8.     Answering paragraph 8, Defendant lacks sufficient information or belief to form a belief about the truth of the allegations contained therein.

9.     Answering paragraph 9, Defendant lacks sufficient information of belief to form a belief about the truth of the allegation that Plaintiffs applaud and are in agreement with CSU's efforts to take a firm stance in favor of inclusion and discrimination.  Defendant denies each and every remaining allegation in paragraph 9.

10.    Answering paragraph 10, Defendant admits that Plaintiffs purportedly seek a determination that the term "caste" as used in the CSU Nondiscrimination Policy is unconstitutionally vague, but denies that the relief they seek is warranted, and further denies each and every remaining allegation in paragraph 10.

11.    Answering paragraph 11, Defendant admits that its prior policies already precluded discrimination based on ethnicity and religion.  Defendant denies each and every remaining allegation in paragraph 11.

12.    Answering paragraph 12, Defendant admits that Plaintiffs' complaint seeks an injunction, but denies they are entitled to any relief, and further denies each and every remaining allegation in paragraph 12.

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

13.     Answering paragraph 13, paragraph 13 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the case cited in this paragraph, but denies that the paragraph constitutes a complete statement of the law.  Defendant denies each and every remaining allegation in paragraph 13.

14.     Answering paragraph 14, Defendant denies each and every allegation in paragraph 14.

15.     Paragraph 15 incorporates by reference the foregoing paragraphs of the First Amended Complaint.   Answering Paragraph 15, Defendant incorporates by reference the foregoing paragraphs of this Answer to the First Amended Complaint.

16.     Answering paragraph 16, Defendant admits that Plaintiff Sunil Kumar is a Professor and Thomas G. Pine Faculty Fellow in the Electrical and Computer Engineering Department at San Diego State University, which is in the CSU system. Defendant lacks sufficient information or belief to form a belief about the truth of the remaining allegations in paragraph 16.

17.     Answering paragraph 17, Defendant admits that Plaintiff Praveen Sinha is a professor of Accountancy in the College of Business Administration at California State University Long Beach, which is in the CSU system.  Defendant lacks sufficient information or belief to form a belief about the truth of the remaining allegations in paragraph 17.

18.     Answering paragraph 18, Defendant lacks sufficient information or belief to form a belief about the truth of the allegations in paragraph 18.

19.     Answering paragraph 19, Defendant lacks sufficient information or belief to form a belief about the truth of the allegations regarding whether Plaintiffs identify as being members of any caste, nor as to their allegations as to what they fear.

/ / /

/ / /

/ / /

The remainder of the paragraph constitutes a question rather than an allegation, and thus Defendant is unable to admit or deny; to the extent that a response is required, Defendant denies the implication of the question that enforcement of non-discrimination provisions requires attribution of protected categories.

20. Answering paragraph 20, Defendant denies each and every allegation in paragraph 20.

21. Answering paragraph 21, Defendant denies each and every allegation in paragraph 21.

22. Answering paragraph 22 and the footnote thereto, Defendant lacks sufficient information or belief to form a belief about the truth of Plaintiffs' allegations regarding what they support. Defendant lacks sufficient information or belief to respond to the allegation regarding how "California" interprets and uses the term "caste." Defendant denies each and every remaining allegation in paragraph 22.

23. Answering paragraph 23, Defendant admits that California State University is not a party to this action, that it is a public university, and that it has 23 campuses across the state. The allegation that the university is "operated by the State of California" is indecipherable; to the extent that a response is required, Defendant denies it.

24. Answering paragraph 24, Defendant admits that the Chancellor of CSU is responsible for adopting and/or enforcing the CSU Nondiscrimination Policy and that the complaint names Defendant only in their official capacities, but denies each and every remaining allegation in the paragraph 24.

25. Answering paragraph 25, Defendant admits that CSU is considered an arm of the state. Paragraph 25 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant denies each and every remaining allegation in paragraph 25.

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

26.     Paragraph 26 incorporates by reference the foregoing paragraphs of the Complaint.   Answering paragraph 26, Defendant incorporate by reference the foregoing paragraphs of this Answer.

27.     Answering paragraph 27, Defendant admits that this action arises under federal law, but denies that this Court has jurisdiction over this case because Plaintiffs lack standing and the matter is not ripe.

28.     Answering paragraph 28, Defendant denies each and every allegation in paragraph 29.

29.     Answering paragraph 29, Defendant admits that Plaintiffs contend that venue is proper in this District.  To the extent that the remaining allegations set forth in paragraph 29 constitute a statement of position, a statement of law or argument those allegations require no response.

30.     Paragraph 30 incorporates by reference the foregoing paragraphs of the First Amended Complaint.  Answering paragraph 30, Defendant incorporates by reference the foregoing paragraphs of this Answer to the First Amended Complaint.

31.     Answering paragraph 31, Defendant admits that the CSU Nondiscrimination Policy applies to employees, professors and students, and that it prohibits the specified discrimination and harassment. Defendant further admits that the policy became effective on January 1, 2022.

32.     Answering paragraph 32, Defendant admits.

33.     Answering paragraph 33, Defendant admits that the CSU Nondiscrimination Policy prohibits discrimination and harassment based on Ethnicity, and that caste is listed as subcategory following "Race or Ethnicity." Defendant admits that certain employees at CSU "who know[] or have reason to know of incidents that may violate th[e] Nondiscrimination Policy ha[ve] a duty to promptly report," but denies that this reporting obligation applies to all CSU employees.

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

34.     Answering paragraph 34, Defendant admits that the Nondiscrimination Policy does not define "caste."  Defendant denies each and every remaining allegation in paragraph 34.

35.     Answering paragraph 35, Defendant denies the allegation that "caste is not a term that is familiar to the vast majority of CSU employees, professors or students."

36.     Answering paragraph 36, Defendant denies each and every allegation in paragraph 36.

37.     Answering paragraph 37, Defendant admits that the paragraph accurately quotes a complaint filed in Santa Clara Superior Court, but lacks sufficient information or belief to respond to the allegation regarding what positions are taken by "the State of California."  The allegation that CSU operates "under" the State of California is indecipherable, Defendant is unable to respond; to the extent a response is required, Defendant denies the allegation.

38.     Answering paragraph 38, Defendant admits that Plaintiffs correctly quotes from a California Faculty Association resolution.   Except as expressly admitted, Defendant denies each and every allegation in paragraph 38 of the complaint.

39.     Answering paragraph 39, Defendant denies each and every allegation in paragraph 39.

40.     Paragraph 40 incorporates by reference the foregoing paragraphs of the First Amended Complaint.   Answering paragraph 40, Defendant incorporates by reference the foregoing paragraphs of this Answer to the First Amended Complaint.

41.     Answering paragraph 41, paragraph 41 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the Constitution, but denies that the paragraph constitutes a complete statement of the law.

42.     Answering paragraph 42, Defendant lacks sufficient information to admit or deny.

43.     Answering paragraph 43, Defendant admits.

44.     Answering paragraph 44, paragraph 44 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quotes the cited case, but denies that the paragraph constitutes a complete statement of the law.

45.     Answering paragraph 45, Paragraph 45 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cited case, but denies that the paragraph constitutes a complete statement of the law.

46.     Answering paragraph 46, Defendant denies each and every allegation of paragraph 46.

47.     Answering paragraph 47, paragraph 47 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant denies that Plaintiffs' assertion accurately summarizes any legal case or rule.

48.     Answering paragraph 48, paragraph 48 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cited cases, but denies that the paragraph constitutes a complete statement of the law.

49.     Answering paragraph 49, Defendant denies each and every allegation in paragraph 49.

50.     Answering paragraph 50, Defendant denies that the Constitution prohibits "linking" a caste system and the Hindu religion, and lacks sufficient information to form a belief about the truth of the remaining allegations alleged in paragraph 50.

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

51.     Answering paragraph 51, Defendant lacks sufficient information form a belief about the truth of the allegations contained therein.

52.     Answering paragraph 52, paragraph 52 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cited case, but denies that the paragraph constitutes a complete statement of the law.

53.     Answering paragraph 53, paragraph 53 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cited case, but denies that the paragraph constitutes a complete statement of the law.

54.     Answering paragraph 54, paragraph 54 includes statements of law that do not qualify as allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cited case, but denies that the paragraph constitutes a complete statement of the law.

55.     Answering paragraph 55, paragraph 55 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant denies that the cited cases (*Al Saud v. Days*, 36 F.4th 949, 953 (9th Cir. 2022) or *Mitchell v. Washington*, 818 F.3d 436 (9th Cir. 2018)) support the cited proposition, nor that the cited proposition constitutes a complete statement of the law.

56.     Answering paragraph 56, Defendant denies each and every allegation in paragraph 56.

57.     Answering paragraph 57, Defendant denies each and every allegation in paragraph 57.

58.     Answering paragraph 58, paragraph 58 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cited case, but denies that the paragraph constitutes a complete statement of the law.

9

59.     Answering paragraph 59, paragraph 59 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote *Wal-Mart Stores, Inc. v. City of Turlock*, 483 F. Supp. 2d 987 (E.D. Cal. 2006), but denies that the quotation constitutes a complete statement of the law, and denies that Plaintiffs accurately summarize *Santa Cruz Lesbian & Gay Comm. Ctr. V. Trump*, 508 F. Supp. 3d 521 (N.D. Cal. 2020).

60.     Answering paragraph 60, Defendant denies each and every allegation in paragraph 60.

61.     Answering paragraph 61, Defendant admits that the CSU Nondiscrimination Policy does not define "caste" or identify the basis for characterizing it as a subcategory.   Defendant denies each and every remaining allegation in paragraph 61.

62.     Answering paragraph 62, Defendant denies each and every allegation in paragraph 62.

63.     Answering paragraph 63, Defendant denies each and every allegation in paragraph 65.

64.     Paragraph 64 incorporates by reference the foregoing paragraphs of the First Amended Complaint.   Answering Paragraph 64, Defendant incorporates by reference the foregoing paragraphs of this Answer to the First Amended Complaint.

65.     Answering paragraph 65, Defendant denies each and every allegation in paragraph 65.

66.     Answering paragraph 66, Defendant denies each and every allegation in paragraph 66.

67.     Answering paragraph 67, Defendant denies each and every allegation paragraph 67.

68.     Answering paragraph 68, Defendant denies each and every allegation paragraph 67.

69.     Paragraph 69 incorporates by reference the foregoing paragraphs of the First Amended Complaint.   Answering paragraph 69, Defendant incorporates by reference the foregoing paragraphs of this Answer to the First Amended Complaint.

70.     Answering paragraph 70, Defendant admits that 42 U.S.C. section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding . . . ." Defendant denies that Plaintiffs' summary of the statute constitutes a complete summary of the law.

71.     Answering paragraph 71, Defendant admits.

72.     Answering paragraph 72, Defendant admits that the Chancellor was and is a state actor and/or acting under color of state law with respect to the Nondiscrimination Policy.  Defendant denies each and every remaining allegation in paragraph 72.

73.     Answering paragraph 73, Defendant admits that Plaintiffs may sue for First Amendment violations under 42 U.S.C. section 1983 in certain circumstances, but denies that Plaintiffs' statement constitutes a complete statement of the law.

74.     Answering paragraph 74, paragraph 74 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cited cases, but denies that the paragraph constitutes a complete statement of the law.

75.     Answering paragraph 75, Defendant denies each and every allegation in paragraph 75.

76.     Answering paragraph 76, Defendant denies each and every allegation in paragraph 76.

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1    77.    Answering paragraph 77, Defendant denies each and every allegation in
2  paragraph 77.

3    78.    Answering paragraph 78, Defendant denies each and every allegation in
4  paragraph 78.

5    79.    Answering paragraph 79, Defendant denies each and every allegation in
6  paragraph 79.

7    80.    Answering paragraph 80, Defendant denies each and every allegation in
8  paragraph 80.

9    81.    Answering paragraph 81, Defendant denies each and every allegation in
10  paragraph 81.

11    82.    Answering paragraph 82, Defendant denies each and every allegation in
12  paragraph 82.

13    83.    Answering paragraph 83, Defendant denies each and every allegation in
14  paragraph 83.

15    84.    Answering paragraph 84, Defendant denies each and every allegation in
16  paragraph 84.

17    85.    Paragraph 85 incorporates by reference the foregoing paragraphs of the
18  First Amended Complaint.   Answering Paragraph 85, Defendant incorporates by
19  reference the foregoing paragraphs of this Answer to the First Amended Complaint.

20    86.    Answering paragraph 86, Defendant denies each and every allegation in
21  paragraph 86.

22    87.    Answering paragraph 87, the allegation that "[n]o other religion or
23  religious practice is included in the Interim Policy" is indecipherable, and Defendant
24  is unable to respond; to the extent a response is required, Defendant admits that the
25  Nondiscrimination Policy does not specifically identify any religion or religious
26  practice but otherwise denies the allegation.

27    88.    Answering paragraph 88, Defendant denies each and every allegation in
28  paragraph 88.

89.     Answering paragraph 89, Defendant admits that the Chancellor was and is a state actor and/or acting under color of state law with respect to the Nondiscrimination Policy. Defendant denies each and every remaining allegation in paragraph 89.

90.     Answering paragraph 90, Defendant admits that the Chancellor was and is a state actor and/or acting under color of state law  with respect to the Nondiscrimination Policy. Defendant denies each and every remaining allegation in paragraph 90.

91.     Answering paragraph 91, Defendant denies each and every allegation in paragraph 91.

92.     Answering paragraph 92, Defendant denies each and every allegation in paragraph 92.

93.     Answering paragraph 93, Defendant denies each and every allegation in paragraph 93.

94.     Answering paragraph 94, Defendant denies each and every allegation in paragraph 94.

95.     Answering paragraph 95, Defendant denies each and every allegation in paragraph 95.

96.     Answering paragraph 96, Defendant denies each and every allegation in paragraph 96.

97.     Answering paragraph 97, Defendant denies each and every allegation in paragraph 97.

98.     Paragraph 98 incorporates by reference the foregoing paragraphs of the First Amended Complaint.   Answering paragraph 98, Defendant incorporates by reference the foregoing paragraphs of this Answer to the First Amended Complaint.

/ / /

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

99.     Answering paragraph 99, to the extent that a response is required to Plaintiffs' assertions of law, Defendant admits that Plaintiffs accurately quote the Constitution, but denies that the paragraph constitutes a complete statement of the law.  Defendant denies each and every remaining allegation in paragraph 99.

100.    Answering paragraph 100, paragraph 100 includes a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant denies that *Barnes v. Wallace v. City of San Diego*, 704 F.3d 1067 (9th Cir. 2012) stands for the proposition that "the Religion Clauses of the California Constitution offer religion the same, if not more, protections as those under the Federal Constitution."  Defendant denies each and every remaining allegation in paragraph 100.

101.    Answering paragraph 101, Defendant denies each and every allegation in paragraph 101.

102.    Answering paragraph 102, Defendant denies each and every allegation in paragraph 102.

103.    Answering paragraph 103, Defendant denies each and every allegation in paragraph 103.

104.    Answering paragraph 104, Defendant denies each and every allegation in paragraph 104.

105.    Answering paragraph 105, Defendant denies each and every allegation in paragraph 105.

106.    Paragraph 106 incorporates by reference the foregoing paragraphs of the First Amended Complaint.  Answering paragraph 106, Defendant incorporates by reference the foregoing paragraphs of this Answer to the First Amended Complaint.

107.    Answering paragraph 107, to the extent that a response is required to Plaintiffs' assertions of law, Defendant admits that Plaintiffs accurately quote the Constitution, but denies that the paragraph constitutes a complete statement of the law.

14

108.   Answering paragraph 108, to the extent that a response is required to Plaintiffs' assertions of law, Defendant admits that Plaintiffs may sue for Equal Protection Clause violations under 42 U.S.C. section 1983 in certain circumstances, but denies that Plaintiffs' statement constitutes a complete statement of the law.

109.   Answering paragraph 109, paragraph 109 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the case cited in this paragraph, but denies that the paragraph constitutes a complete statement of the law.

110.   Answering paragraph 110, Defendant denies each and every allegation in paragraph 110.

111.   Answering paragraph 111, Defendant admits that the Chancellor was and is a state actor and/or acting under color of state law with respect to the Nondiscrimination Policy.  Defendant denies each and every remaining allegation in paragraph 111.

112.   Answering paragraph 112, Defendant admits that the Chancellor was and is a state actor and/or acting under color of state law with respect to the Nondiscrimination Policy.  Defendant denies each and every remaining allegation in paragraph 112.

113.   Answering paragraph 113, Defendant denies each and every allegation in paragraph 113.

114.   Answering paragraph 114, Defendant denies each and every allegation in paragraph 114.

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

115.   Answering paragraph 115, the allegation that "[n]o other religion, alleged religious practice, or ancestry are 'contained' in the Interim Policy" is indecipherable, and Defendant is unable to respond; to the extent a response is required, Defendant admits that the CSU Nondiscrimination Policy does not specifically identify any religion, religious practice, or specific type of ancestry, but otherwise denies the allegation.

116.   Answering paragraph 116, Defendant denies each and every allegation in paragraph 116.

117.   Answering paragraph 117, Defendant denies each and every allegation in paragraph 117.

118.   Answering paragraph 118, Defendant denies each and every allegation in paragraph 118.

119.   Answering paragraph 119, Defendant denies each and every allegation in paragraph 119.

120.   Paragraph 120 incorporates by reference the foregoing paragraphs of the First Amended Complaint.  Answering paragraph 120, Defendant incorporates by reference the foregoing paragraphs of this Answer to the First Amended Complaint.

121.   Answering paragraph 121, paragraph 121 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the cases cited in this paragraph, but denies that the paragraph constitutes a complete statement of the law.  Defendant denies each and every remaining allegation in paragraph 121.

122.   Answering paragraph 122, Defendant denies each and every allegation in paragraph 122.

123.   Paragraph 123 incorporates by reference the foregoing paragraphs of the First Amended Complaint.  Answering Paragraph 123, Defendant incorporates by reference the foregoing paragraphs of this Answer to the First Amended Complaint.

/ / /

124.   Answering paragraph 124, paragraph 124 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quote the case cited in this paragraph, but denies that the paragraph constitutes a complete statement of the law.

125.   Answering paragraph 125, paragraph 125 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quotes the case cited in this paragraph, but denies that the paragraph constitutes a complete statement of the law.

126.   Answering paragraph 126, to the extent that a response is required to Plaintiffs assertions of law, Defendant admits that Plaintiffs may bring void for vagueness claims under 42 U.S.C. section 1983 in certain circumstances, but denies that Plaintiffs' statement constitutes a complete statement of the law.

127.   Answering paragraph 127, paragraph 127 consists of a statement of law that does not qualify as an allegation and does not require a response; to the extent that a response is required, Defendant admits that Plaintiffs accurately quotes the case cited in this paragraph, but denies that the paragraph constitutes a complete statement of the law.

128.   Answering paragraph 128, Defendant admits that the CSU Nondiscrimination Policy does not define "caste."  Defendant denies each and every remaining allegation in paragraph 128.

129.   Answering paragraph 129, Defendant denies each and every allegation in paragraph 129.

130.   Answering paragraph 130, Defendant denies each and every allegation in paragraph 130.

131.   Answering paragraph 131, Defendant denies each and every allegation in paragraph 131.

1      132.   Answering paragraph 132, Defendant denies each and every allegation
2  in paragraph 132.

3      133.   Answering paragraph 133, Defendant denies each and every allegation
4  in paragraph 133.

5      134.   Answering paragraph 134, Defendant denies each and every allegation
6  in paragraph 134.

7      135.   Answering paragraph 135, Defendant denies each and every allegation
8  in paragraph 135.

9      136.   Answering paragraph 136, Defendant denies each and every allegation
10  in paragraph 136.

11      137.   Paragraph 137 incorporates by reference the foregoing paragraphs of the
12  First Amended Complaint.  Answering Paragraph 137, Defendant incorporate by
13  reference the foregoing paragraphs of this Answer to the First Amended Complaint.

14      138.   Answering paragraph 138, paragraph 138 consists of a statement of law
15  that does not qualify as an allegation and does not require a response; to the extent
16  that a response is required, Defendant admits that Plaintiffs accurately quote the cases
17  cited in this paragraph, but denies that the paragraph constitutes a complete statement
18  of the law.  Defendant denies that the CSU Nondiscrimination Policy is void for
19  vagueness under the California Constitution or under the Federal Constitution, and
20  further denies each and every remaining allegation of the paragraph.

21      139.   Answering Plaintiffs' Prayer for Relief, Defendant denies that Plaintiffs
22  are entitled to the relief requested or any relief, and further denies that they have been
23  damaged in any nature or amount.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## DEFENSES

### FIRST DEFENSE

### (FAILURE TO STATE A CLAIM)

The complaint and each of its causes of action fail to state a claim upon which relief can be granted against Defendant.

### SECOND DEFENSE

### (STANDING)

The complaint and each of its causes of action fail to state a claim because Plaintiffs lack standing to assert those claims.

### THIRD DEFENSE

### (RIPENESS)

Plaintiffs' complaint and each of its causes of action are barred, in whole or in part, by the doctrine of ripeness.

### FOURTH DEFENSE

### (ELEVENTH AMENDMENT)

Plaintiffs' request for relief other than declaratory relief and prospective injunctive relief is barred under the Eleventh Amendment to the U.S. Constitution.

### FIFTH DEFENSE

### (RESERVATION OF DEFENSE)

Defendant does not presently know all of the facts and circumstances respecting Plaintiffs' claims, and therefore reserves the right to amend this answer should they later discover information demonstrating the existence of additional affirmative defenses.

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1        WHEREFORE, said Defendant prays as follows:

2        1.      That the action be dismissed with prejudice;

3        2.      That Plaintiffs take nothing by this action;

4        3.      That Defendant recover costs of suit incurred herein;

5        4.      For such other and further relief as the Court deems proper and just.

6

7    Dated:  March 20, 2023              QUARLES & BRADY LLP

8

9                                        By:    _____/s/ Matthew W. Burris_____

10                                              RICHARD A. PAUL
                                                JEFFREY P. MICHALOWSKI
11                                              MATTHEW W. BURRIS
                                                ADRIELLI FERRER
12                                              Attorneys for Dr. Jolene Koester, in her
                                                official capacity as Chancellor of California
13                                              State University

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY
TRIAL