JOHN J. SHAEFFER (SBN 138331)
   jshaeffer@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone:  310.598.4150
Facsimile:   310.556.9828

MICHAEL K. TWERSKY (*pro hac vice*)
   mtwersky@foxrothschild.com
BETH L. WEISSER (*pro hac vice*)
   bweisser@foxrothshchild.com
ERIKA PAGE (*pro hac vice*)
   epage@foxrothschild.com
FOX ROTHSCHILD, LLP
980 Jolly Road, Suite 110
Blue Bell, PA 19422
Telephone:  610.397.6500
Facsimile:   610.397.0450

Attorneys for Plaintiffs
Sunil Kumar, Ph.D. and Praveen Sinha, Ph.D.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL KUMAR, Ph. D<br>PRAVEEN SINHA, Ph. D.,<br><br>        Plaintiffs,<br><br>   v.<br><br>DR. JOLENE KOESTER, in her official capacity as Chancellor of California State University,<br><br>        Defendant. | Case No. 2:22-CV-07550-RGK-MAA<br><br>**OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    June 26, 2023<br>Time:   9:00 a.m.<br>Judge:  R. Gary Klausner<br>Trial:   October 31, 2023 |

Plaintiffs, Sunil Kumar, Ph. D. and Praveen Sinha, Ph. D, by and through their undersigned counsel Fox Rothschild LLP, respectfully submit this opposition to Defendant's Request for Judicial Notice (the "Request") in Support of California State University's ("CSU") Motion for Judgment on the Pleadings (the "Motion") concerning the addition of "caste" to its Nondiscrimination Policy (the "Policy").

## I.   INTRODUCTION

Defendant asks the Court to judicially notice dozens of documents for which their purpose remains unclear. The standards for judicial notice under Fed. R. Evid. 201 are settled. To the extent Defendant asks this Court to take judicial notice of foreign law or the truth of the contents in the materials within the Request, Defendant's Request should be denied.

## II.   DISCUSSION

### A.   Legal Standard

"The Court may judicially notice a fact that is not subject to reasonable dispute because it is (1) generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Salines v. Proctor & Gamble Co.*, 2020 WL 2124038, at *2 (C.D. Ca. Jan. 10, 2020) (Klausner, J.) (citing Fed. R. Evid. 201(b)). "Accordingly, a court may take 'judicial notice of matters of public record,' but 'cannot take judicial notice of disputed facts contained in such public records.'" *Love v. International Hotel Assocs. No. 2 LLC*, 2021 WL 4482106, at *2 (N.D. Ca. Sept. 30, 2021) (quoting *Khoja v. Orexigen Therapeutics*, 899 F.3d 988 (9th Cir. 2018)). "Further, '[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.'" *Id.* (alteration in original and added) (quoting *Khoja*, 899 F.3d at 999); *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D.

PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CALIFORNIA STATE UNIVERSITY'S MOTION FOR JUDGMENT ON THE PLEADINGS

1

Ca. 2020) (same). For example, the Ninth Circuit has held that a court may take judicial notice "of the fact that there was a conference call on [a] specified date, but may not take judicial notice of a fact mentioned in the transcript, because the substance 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Love*, 2021 WL 4482106, at *2 (alterations added) (quoting *Khoja*, 899 F.3d at 999-1000).

"Websites and their contents [also] may be proper subjects for judicial notice" where the party seeking their judicial notice supplies the court with hard copies of the actual web pages of which they seek to have the court take judicial notice. *Id.* (alteration added) (citing *Threshold Enterprises Ltd.*, 445 F. Supp. 3d at 146 (collecting cases); *Wible v. Aetna Life Ins. Co.*, 374 F. Supp. 2d 956, 965 (C.D. Ca. 2005).

Courts may also judicially notice documents relied upon or alleged in the complaint, "provided the complaint 'necessarily relies' on the documents, the document's authenticity is uncontested, and the document's relevance is uncontested.'" *Id.* (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

### B. CSU Fails to Carry Its Burden

Defendant asks this Court to judicially notice the following categories of documents: (1) CSU's Policy; (2) similar policies of other universities; (3) bills, laws, government reports, and legislative findings and resolutions on caste; (4) reports positions, statements, and recommendations of the United Nations and Special Rapporteur; (5) Indian law; and (6) the purported presence of caste in popular discussion. *See generally*, Request Dkt. 90-1. Defendant's Request is problematic for several reasons.

### 1. Defendant asks this Court to judicially notice several excerpts without explaining how or why they are relevant.

Defendant asks the Court to take judicial notice of nearly 700 pages of documents attached as exhibits to its Motion. *See* Motion Dkt. 90, Exs. 1-30. Courts within this Circuit have specifically warned against "dumping large swaths of material into requests for judicial notice[,]" which "has become commonplace." *Threshold Enterprises Ltd.*, 445 F. Supp 3d at 146. "This catch-all approach to requesting judicial notice . . . is not consistent with the law's requirements." *Id.*

Of the hundreds of pages of material Defendant seeks to be judicially noticed, Defendant identifies allegedly relevant excerpts only from certain documents, but not others. Specifically, Defendant points to "relevant excerpts" from CSU's Policy, policies of other universities, bills, laws, government reports, legislative findings, and resolutions on caste (U.S., State, and Municipal), reports, positions, statements and recommendations of the United Nations and Special Rapporteur, and the law of India. *See* Request Dkt. 90-1, at pp. 2-8.

With respect to the Request for judicial notice of CSU's Policy, Plaintiffs acknowledge that the Policy is the focus of this dispute. Accordingly, the Court may take judicial notice of the Policy's existence, but not of "the truth of the matters asserted therein." *Limcaco v. Wynn*, 2021 WL 5040368, at *5 (C.D. Ca. Oct. 29, 2021) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)). However, it is unclear how the remainder of the excerpts from the voluminous materials for which Defendant seeks judicial notice bear any relationship to the issues presented in the Motion.

In *Threshold Enterprises Ltd.*, the court considered a similar request to judicially notice "approximately 700 pages of documents" in the context of a motion for judgment on the pleadings. *Id.* at 146. In deciding which documents were properly subject to judicial notice, the court explained "it is appropriate to take

judicial notice only of the contents in the submitted documents that are relevant to the issues presented in the motion for judgment on the pleadings—and only of the contents of th[o]se documents" relevant to the court's analysis. *Id.* The court also considered that "the parties' briefs ma[d]e oblique references to the documents attached to their requests for judicial notice, but with few exceptions, d[id] not draw the Court's attention to the pertinent contents of th[o]se documents." *Id.* (alterations added).

Even assuming, *arguendo*, that the Court takes judicial notice of these materials, **none** has any impact on the constitutionality of CSU's Policy and the Court's analysis of Plaintiffs' claims at this stage of the proceedings. It is immaterial whether other universities have imposed similar policies or whether Seattle has banned caste, as the Court considers only the pleadings, which do not contain these documents (other than the policy). *See* Motion Dkt. 90 at pp. 2-4. It is equally immaterial whether the law of India prohibits caste-based discrimination or whether the EEOC prohibits discrimination based on race or color. *Id.* at pp. 6-8. Or whether various human rights commissions or the United Nations have undertaken to regulate caste discrimination. *Id.* at pp. 4-7. Such decisions should not (and do not) have any impact on the constitutionality of the Policy **in this case.** There is simply no need for these Requests particularly where, as here, the focus is on the legal sufficiency of Plaintiffs' claims. *Threshold Enterprises Ltd.*, 445 F. Supp. 3d at 144 ("A motion for judgment on the pleadings challenges the legal sufficiency of the claims asserted in a complaint."). In fact, the law does not permit that which Defendant asks. *Id.* at 145.

Further, while Defendant refers this Court to various "relevant excerpts," many of those excerpts do not appear in Defendant's Motion at all, leaving the Court and Plaintiffs to go searching for them. And, even if they did, they would have no impact on the underlying claims in this lawsuit.

As Defendant's Request makes no effort to explain why these excerpts are relevant to the Motion, the Request should be denied. Should this Court decide otherwise, however, it should only judicially notice the fact that the requested excerpts exist in their respective sources and **not** for the truth of their contents.[1] *Id.* at 146 ("To the extent the Court takes judicial notice that these documents contain certain information, the Court notices only the fact that the documents contain the referenced content. The Court does **not** take judicial notice of the truth of that content.") (emphasis added). *See also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (recognizing that judicial notice is appropriate to show that publications exist but not to establish that their contents are true). Even Defendant acknowledges this limitation of Fed. R. Evid. 201. *See* Request Dkt. 90-1 at p. 8.

## 2. Defendant asks this Court to judicially notice several exhibits without identifying the content to be noticed within them.

While Defendant identifies several allegedly relevant excerpts for this Court's consideration, Defendant also seeks judicial notice of numerous materials **without** explaining exactly what this Court should notice within them. *See* Request Dkt. 90-1 at pp. 4, 8. Defendant specifically asks this Court to take judicial notice of California Senate Bill 403 ("Discrimination based on caste") and its entire legislative history, as well as a Seattle ordinance and municipal code, but does not identify what should be judicially noticed within those materials. *See id.* at pp. 4, 14. Defendant only explains that these documents may be the subject of judicial notice. But, like in *Threshold Enterprises Ltd.*, Defendant "asks the Court to do much of the heavy

---

[1] Defendant seeks judicial notice of several policies from private institutions: Brandeis University, Brown University, Colby College, and Harvard University. The discussion of caste at these private institutions has no bearing on the constitutionality of CSU's Policy given that CSU is a public university, and thus is irrelevant.

lifting" in determining the "pertinent passages for which each document [is] selected" based upon the Motion. *See* 445 F. Supp. 3d at 145. Defendant also makes "oblique references" to these materials in the Motion without directing the Court's attention to their relevant portions. *Id*; see *also* Motion Dkt. 90 at p. 4 (generally referencing Seattle Ordinance and Municipal Code as "RJN Exhs. 9, 10" and Senate Bill 403 and its legislative history as "RJN Exh. 7" and "RJN Exh. 8").

The same is true of Defendant's request that the Court judicially notice caste as a "topic of public discussion" in various "newspapers, magazines, and books." Request Dkt. 90-1 at p. 8. Defendant lists **twenty-four** (24) various books and periodicals for the proposition that caste is a topic of discussion without providing ***a single pincite or page for the Court's review***. *See id.* at pp. 8-11. Such a request directly contradicts *Threshold Enterprises Ltd.*, where the court required that the parties tailor "requests for judicial notice" and "identify the specific contents or facts contained in documents of which they wish the Court to take notice." 445 F. Supp. 3d at 146-47.

"The Ninth Circuit has long embraced the maxim that '[j]udges are not like pigs, hunting for truffles buried in briefs.'" *Id.* (quoting *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003)). This Court should, therefore, decline Defendant's invitation to scour 700 pages of exhibits in pursuit of judicially noticeable facts.

### 3. Defendant asks this Court to judicially notice foreign law, which is not a proper subject of judicial notice.

Defendant seeks judicial notice of the Indian Constitution and the Atrocities Act. Request Dkt. 90-1 at pp. 8, 15. Rule of Civil Procedure 44.1 "treats issues of foreign law as 'question[s] of law' for the court to decide, and contemplates that the 'process of ascertaining foreign law' will be 'equivalent to the process for determining domestic law, insofar as possible.'" *G & G Productions LLC v. Rusic*,

PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CALIFORNIA STATE UNIVERSITY'S MOTION FOR JUDGMENT ON THE PLEADINGS

6

902 F.3d 940, 948 (9th Cir. 2018) (quoting *de Fontbrune v. Wofsy*, 838 F.3d 992, 997 (9th Cir. 2016)); *Radu v. Shon*, 62 F.4th 1165, 1173 (9th Cir. 2023) (internal citation omitted).[2] "In deciding issues of foreign law . . . a court may consider 'any relevant material including testimony, without regard to its admissibility,' and even engage 'in its own research and consider any relevant material thus found' without giving formal notice to the parties of its intent to do so." *G & G Productions LLC*, 902 F.3d at 948 (quoting Fed. R. Civ. P. 44.1) (advisory committee's note)).

"Rule 44.1's requirements are intended to be 'flexible and informal' so as to 'encourage the court and counsel to regard the determination of foreign law as a cooperative venture requiring an open and unstructured dialogue among all concerned.'" *Id.* at 950 (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2444 (3d ed. 2008)). "There is nothing 'cooperative' about simply invoking foreign law and expecting a court to decide every legal permutation, including ones that the parties failed to raise." *Id.*

Defendant expressly asks this Court not to "construe or apply foreign law" despite invoking Rule 44.1. Request Dkt. 90-1 at p. 16 ("defendant does not ask this Court to construe or apply foreign law"). Rather Defendant "asks this Court to take notice that caste discrimination is a recognized form of discrimination under Indian law" and seeks judicial notice of that fact.[3] *Id.* This Court is under no obligation to do so under Rule 44.1. *See* Fed. R. Civ. P. 44.1 (advisory committee notes) ("The

---

[2] Westlaw appears to list *de Fontbrune v. Wofsy*, 838 F.3d 992 (9th Cir. 2016) as *superseded by rule as stated in Radu v. Shon*, 62 F.4th 1165 (9th Cir. 2023) without explanation. Plaintiffs' counsel contacted a Westlaw representative, who explained the designation of *Wofsy* as superseded may be an error by Westlaw. A copy of the transcript of that conversation is attached as Exhibit A hereto.

[3] Defendant asks this Court to take judicial notice of Indian law despite taking the position that its caste discrimination Policy does not specifically target Indians or people of Hindu faith.

new rule refrains from imposing an obligation on the court to take 'judicial notice' of foreign law because this would put an extreme burden on the court in many cases; and it avoids use of the concept of 'judicial notice' in any form because of the uncertain meaning of that concept as applied to foreign law."). That is especially true here, where Indian law has nothing to do with the constitutionality of the Policy.

This Court has recognized that federal courts do not "take judicial notice of the laws of foreign countries." *Global Live Events v. Ja-Tail Enterprises, LLC*, 2014 WL 12607680, at *2 (C.D. Ca. Mar. 20, 2014) (citing *Philip v. Macri*, 261 F.2d 945, 948 (9th Cir. 1958)); *see also Philip*, 261 F.2d at 948 ("It is settled law that neither Washington Courts **nor federal courts**, take judicial notice of the laws of foreign countries.") (emphasis added) (collecting cases). Yet, Defendant asks this Court to do exactly that by requesting that it take judicial notice of the Indian Constitution and the Atrocities Act. Defendant's request should be denied on that basis alone. Moreover, it appears Defendant is asking the Court not only to take judicial notice of foreign law, but also to notice the *truth* of its contents: "that caste discrimination is a recognized form of discrimination under Indian law." Request Dkt. 90-1 at 16.[4]

But, even if judicially noticing the Indian Constitution and the Atrocities Act were proper under the Federal Rules (this Court has observed it is not), the Court could only take judicial notice of the fact that they exist – not of the truth of the matters within them. *See Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, 1089, n.6 (E.D. Ca. 2019) (taking judicial notice of foreign court documents

---

[4] Defendant clarified several of its Requests as requests not to notice the truth of the documents, but merely to establish their existence. *See* Request Dkt. 90-1 at pp. 8, 30, and 16 (explaining Defendant does not seek judicial notice of the truth in its referenced publications); *id.* at 13 (explaining the existence of documents from CSU and other universities can be readily and accurately determined from sources that cannot reasonably be questioned). Curiously, Defendant did not do so with respect to the Request for judicial notice of foreign law.

PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CALIFORNIA STATE UNIVERSITY'S MOTION FOR JUDGMENT ON THE PLEADINGS

8

and foreign public records "for the fact of their filing, but not for the truth of the matters asserted therein); *Cf. Dulles v. Katamoto*, 256 F.2d 545, 547 (9th Cir. 1958) (judicially recognizing Japan as having a constitution, a legislative body, and statutes).[5]

## III. CONCLUSION

Defendant's Request for Judicial Notice should be denied insofar as it seeks judicial notice of materials that have no impact on the outcome of the Motion and foist upon the Court the obligation to search for facts to be noticed. Alternatively, considering the well-recognized purpose and scope of Fed. R. Evid. 201(b), the Court may only take judicial notice of the existence of the documents, not the truth of their contents.

Dated: May 26, 2023            Respectfully submitted,

/s/ John Shaeffer
**FOX ROTHSCHILD, LLP**
John Shaffer, Esq. (SBN 138331)
Michael Twersky, Esq. (*pro hac vice*)
Beth Weisser, Esq. (*pro hac vice*)
Erika Page, Esq. (*pro hac vice*)

---

[5] Defendant cites *Radu v. Shon*, 62 F.4th 1165, 1174 (9th Cir. 2023) for the proposition that "[t]his Court has broad discretion under Rule 44.1 to consider relevant material regarding the law of foreign jurisdictions." Request Dkt. 90-1 at p. 15. Significantly, *Radu* does not even concern judicial notice, and in no way suggests that judicial notice of foreign law is appropriate. *See Radu*, 62 F.4th at 1174. To the contrary, *Radu* (which dealt with a complicated international custody dispute) explained that a district court does *not* implicate issues of judicial notice "by communicating with the State Department and, through it, the German Central Authority" about a legal issue. *Id.* (emphasis added). There is nothing in *Radu* even remotely suggesting that judicial notice of Indian law is appropriate in this case.