RICHARD A. PAUL (SBN 057976)
rich.paul@quarles.com
JEFFREY P. MICHALOWSKI (SBN 248073)
jeff.michalowski@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
ADRIELLI FERRER (SBN 348068)
adrielli.ferrer@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Chancellor Jolene Koester

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUNIL KUMAR, Ph. D., PRAVEEN SINHA, Ph. D., <br><br> Plaintiffs, <br><br> v. <br><br> DR. JOLENE KOESTER, in her official capacity as Chancellor of California State University, <br><br> Defendant. | Case No. 2:22-cv-07550-RGK-MAA <br><br> **DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** <br><br> Judge: R. Gary Klausner <br> Trial Date: October 31, 2023 |

## I. INTRODUCTION

Plaintiffs object to Defendant's requests for judicial notice but fail to show how the requests are either (1) not generally known in the trial court's jurisdiction or (2) cannot be accurately and readily determined from the sources Defendant provided. *Compare* Fed. R. Evid. 201 ("[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."). Judicial notice is appropriate here.

## II. THE COURT SHOULD GRANT JUDICIAL NOTICE.

### A. Items 1–29 Satisfy the Requirements for Judicial Notice and Provide Relevant Information.

In Requests 1–29, Defendant asks the Court judicially notice a variety of facts accurately and readily determined based on sources whose accuracy cannot be reasonably questioned (*see* RJN Exhs. 1–29). In response, Plaintiffs do not argue or even suggest the sources provided do not provide accurate and ready determination, nor do they question the accuracy of the sources Defendant provided.

**Request No. 1.** Defendant asks the Court to judicially notice the official policies of the CSU, which are readily verifiable with the printout of the official policy attached as an exhibit and the publicly available university website in the citation. Not only are these sources akin to the legitimacy of a government website because CSU is a dependent instrumentality of the state (*see Mitchell v. Los Angeles Cnty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988)) but the Policy is also explicitly mentioned and attached to the Complaint (*see* FAC Exh. A–ECF No. 1-1)). *Plaintiffs do not challenge judicial notice of this request.*

**Request Nos. 2–6.** Defendant also asks the court to judicially notice official policies of five other universities as well, similarly providing copies of the original policies and official websites whose accuracy cannot be reasonably questioned.

*E.g., Kheriaty v. Regents of Univ. of Cal.*, SACV-21-1367, 2021 WL 6298332, at *3 (C.D. Cal. Dec. 8, 2021) (taking judicial notice of a public university's policy); *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 994 (N.D. Cal. 2020) (taking judicial notice of a private university's policy). These documents are judicially noticeable, and confirm that the term "caste" is widely discussed and widely understood.

**Request Nos. 7–10.** Defendant requests judicial notice of a state statute and its legislative history, proper under *Anderson v. Holder*, 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012), and two municipal codes, proper under *Tollis, Inc. v. County of San Diego,* 505 F.3d 935, 938 n. 1 (9th Cir.2007), both verifiable with a copy of the actual text of official government documents. These documents are judicially noticeable, and confirm that the term "caste" is widely discussed and widely understood.

**Request Nos. 11–23.** Defendant requests judicial notice of government reports, legislative history, and guidance on federal laws, as other federal courts have done by verification through reliable sources, like official websites run by government agencies. *United States ex rel. Modglin v. DJO Global Inc.*, 48 F.Supp.3d 1362, 1381–82 (C.D. Cal. 2014). These documents are judicially noticeable, explain discrimination and caste discrimination, and that "caste" is a global problem not limited to any particular religion or any particular geography.

**Request Nos. 24–27.** Defendant reports judicial notice of reports by the United Nations, appropriate when "documents are published by a governmental entity and are not subject to reasonable dispute." *Barber v. Nestle USA, Inc.*, 154 F. Supp. 3d 954, 958 n. 1 (C.D. Cal. 2015) *aff'd*, 730 F. App'x 464 (9th Cir. 2018). These documents are judicially noticeable, and confirm that "caste" is a global problem that is not limited to any particular religion or any particular geography.

**Request Nos. 28–29.** Finally, Defendant requests judicial notice of two laws of India, proper because advisory committee notes to the Federal Rule of Evidence

1  201 state matters of foreign law may be judicially noticed under Federal Rule of
2  Civil Procedure 44.1.  Plaintiffs' object to the "process of ascertaining this foreign
3  law," but that is not what Defendant is asking this Court to do.  Defendant is not
4  asking this Court to construe or interpret Indian law; it is simply asking this Court to
5  take judicial notice that the laws in question exist.  The *existence* of these laws is
6  judicially noticeable, and is relevant to show that "caste" is legally recognized and
7  understood.

      **B.**    **Item 30 Is Proper to Show that "Caste" Is A Part of the Public Discourse.**

10  Defendant asks the Court judicially notice an additional fact not subject to
11  reasonable dispute because it is generally known within the trial court's territorial
12  jurisdiction – *i.e.*, the fact that "caste" is a common topic of discussion in widely-
13  circulated newspapers, magazines, and books.  Plaintiffs oppose "to the extent
14  Defendant asks this Court to take judicial notice of . . . the truth of the contents in
15  the materials." (Opptn. 1:9–10).  That is not what Defendant is asking this Court to
16  do.  Rather, as Defendant explained at the outset: "Defendant does not seek judicial
17  notice of the truth of the matters asserted in the following publications; rather, it
18  seeks judicial notice only of the fact that caste is a common topic of discussion in
19  widely-circulated newspapers, magazines, and books." Dkt. 90-1, at 8.  Judicial
20  notice is thus proper.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*,
21  592 F.3d 954, 960 (9th Cir. 2010) ("Court[] may take judicial notice of publications
22  introduced to indicate what was in the public realm at the time," without having to
23  take notice of "whether the contents of those articles were in fact true.").

      **C.**    **Defendant Identifies the Relevant Portions of the Documents When Warranted.**

26  Plaintiffs fault Defendant for declining to include pin-cites in its Request for
27  Judicial Notice.  The argument is misplaced.  Where the entirety of the document is
28  relevant, Defendant requests judicial notice of the entire document.  For example,

the entirety of California Senate Bill 403 is focused on caste discrimination (Request No. 7), and therefore Defendant's requests judicial notice of the document as a whole.  *See also* RJN Requests 8–10, 12, 29.  When only a portion of the document is relevant, Defendant requests judicial notice of only that portion.  For example, only the portions of the university policies discussing caste are relevant (Request Nos. 1–6), and therefore Defendant specifically cites to page numbers of multi-page documents or provides exact quotations of information to be judicially noticed, in a parenthetical, or both.  *See also* RJN Requests 11, 13–28.  Finally, Defendant provides sources from newspapers, magazines, and books in their entirety (Exhibits 30(a)–(x)), because the entirety is relevant to Request 30 and Defendant only requests judicial notice of the fact that caste is a topic in the public discussion.

Plaintiffs appear to suggest that Defendant should not have included complete documents, but Defendant wanted to provide the Court with a full picture. Defendant also gave opposing counsel a full record to challenge for accuracy—it was Plaintiffs decision not to do so.

### III. CONCLUSION

For the foregoing reasons, this Court can and should take judicial notice of the specified documents.

Dated:  June 12, 2023                    QUARLES & BRADY LLP

By:      */s/ Jeffrey P. Michalowski*
RICHARD A. PAUL
JEFFREY P. MICHALOWSKI
MATTHEW W. BURRIS
ADRIELLI FERRER
Attorneys for Chancellor Jolene Koester