# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07550-RGK-MAA | Date | July 13, 2023 |
|---|---|---|---|
| Title | *Sunil Kumar, Ph. D., et al. v. Dr. Jolene Koester, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order to Show Cause Re: Right to Jury Trial

On February 28, 2023, Sunil Kumar and Praveen Sinha ("Plaintiffs") filed a First Amended Complaint ("FAC") against Jolene Koester in her capacity as chancellor of California Statue University. (ECF No. 80.) Plaintiffs allege violations of the United States and California constitutions and seek injunctive and declaratory relief, attorneys' fees and costs, and any other relief as the Court "deems just and appropriate." (FAC 24–25.) On May 18, 2023, Defendant filed a Motion for Judgment on the Pleadings, which is currently pending before the Court. (ECF No. 90.) On July 7, 2023, the parties filed a Stipulation to Stay Case pending resolution of the Motion, seeking to stay all related dates, including the jury trial set to begin on October 31, 2023. (ECF No. 96.)

The Court is not convinced that a jury trial in this matter is warranted. The Seventh Amendment guarantees the right to a jury trial for legal—as opposed to equitable—matters. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). Injunctive relief is generally an equitable remedy. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 505 (1959). Although "[d]eclaratory relief is neither strictly equitable nor legal," its historical origins "are almost exclusively equitable." *Pac. Indem. Co. v. McDonald*, 107 F. 2d. 446, 448 (9th Cir. 1939) (internal quotation marks omitted). Likewise, claims seeking attorneys' fees are equitable in nature. *Finato v. Fink*, 803 Fed. Appx. 84, 89 (9th Cir. 2020).

Although Plaintiffs do not appear to be entitled to a jury trial for the traditionally equitable remedies they seek, "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres*, 359 U.S. at 501 (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)) (internal quotation marks omitted). The Court therefore **ORDERS** the parties to **show cause in writing** why a jury trial is or is not warranted in this matter. These responses **shall not exceed five pages** and are due within **seven days of this Order's issuance**.

**IT IS SO ORDERED.**

JRE/ak