UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL KUMAR et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. JOLENE KOESTER et al.,<br><br>    Defendants. | Case No.  2:22-cv-07550-RGK-MAA<br><br>**ORDER REGARDING SETTLEMENT CONFERENCE**<br><br>Settlement Conference Date and Time:  **August 30, 2023 at 7:00 a.m.** |

   This matter has been referred by District Judge R. Gary Klausner for a Settlement Conference before Magistrate Judge Maria A. Audero.  Following the parties' August 25, 2023 conference regarding settlement proceedings, the Court sets the following Settlement Conference:

   A Settlement Conference will be held before Judge Audero on **August 30, 2023 at 7:00 a.m.**  The Settlement Conference will be conducted via both telephone and videoconference using the Zoom platform.

   The following are mandatory guidelines for the parties in preparing for the Settlement Conference.  Please read this Order carefully.

1. By participating in the Settlement Conference, the parties understand and agree that Judge Audero may continue to handle discovery motions and other pretrial proceedings in this action. Judge Audero will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the case bearing on its settlement value.

2. Before the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference. At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case. If, prior to the Settlement Conferences, the parties are able to resolve the case, counsel immediately must inform the Courtroom Deputy Clerk.

3. The Court requires the following individuals present at the Settlement Conference: (a) all counsel who will try the case; and (b) on behalf of each party, a representative with full settlement authority who can settle the case during the course of the Settlement Conference. <u>Any violation of this requirement may cause the Court to cancel the Settlement Conference. In addition, counsel and/or the party who violate this Order may be subject to sanctions.</u>

   a. Plaintiff Sunil Kumar is **ORDERED** to appear via telephone on an as-needed basis, which need shall be determined by Judge Audero, with full settlement authority to authorize dismissal of the case with prejudice should the parties reach a settlement. Plaintiff will be represented by attorney Michael Keith Twersky, who shall appear in person (via Zoom).

   b. Defendant Dr. Jolene Koester and/or a representative of Defendant is **ORDERED** via telephone on an as-needed basis, which need shall be determined by Judge Audero, with full settlement authority to commit Defendant to

pay, in her discretion, a settlement amount agreed-upon by the parties. Defendant will be represented by attorney Jeffrey Patrick Michalowski, who shall appear in person (via Zoom).

   c. Absent authorization from the Court, counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) may cause the Settlement Conference to be canceled and rescheduled. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling, as well as any additional sanctions deemed appropriate.

 4. Counsel must make arrangements for an interpreter to be present for any client or party representative requiring an interpreter to understand and meaningfully participate in the Settlement Conference. Any violation of this requirement may cause the Court to cancel the Settlement Conference and order the noncomplying attorney, party, or both, to pay the costs and expenses incurred by other parties as a result of such cancellation and rescheduling. Any questions regarding the need for an interpreter must be directed to the Courtroom Deputy Clerk before the date of the Settlement Conference.

 5. No Settlement Conference Statement is required.

 6. Counsel should have available for the Court's review copies of all critical documents (i.e., pleadings, declarations or witness statements, business records, personnel files, etc.), as well as copies of all important witnesses' deposition transcripts, if a party believes such documents will assist in the evaluation of the case. To the extent a party wishes to rely on documents not exchanged with the other parties prior to the settlement conference, that party must have a copy of the document available in PDF format so that it may be transmitted electronically during the Settlement Conference.

 7. Pursuant to Local Rule 16-15.8 and Federal Rules of Evidence 408 and 410, all settlement proceedings shall be confidential and no statement made during

the Settlement Conference to the Court (including statements made in the parties' confidential settlement briefs regarding the parties' respective settlement discussions, demands and offers made prior to the Settlement Conference), the parties and/or their counsel shall be admissible in any proceeding in the case, unless the parties otherwise agree. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement agreement. Counsel are reminded, and must also notify their clients, that the Local Rules of Court prohibit non-court personnel from recording or broadcasting these proceedings. C.D. Cal. L. R. 83-6 *et seq.*

8. Judge Audero may, in her discretion, converse with the lawyers, the parties, or any one of them outside of the hearing of the others. The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel. This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments. Violation of this policy may be misleading and therefore a hindrance to settlement.

9. If the parties reach a resolution of the case during the Settlement Conference, the Court will summarize the key terms of the agreement on the record and may direct the parties to draft an appropriate memorandum. Either or both parties may move for a sealing of the portion of the record that contains confidential settlement terms. The Court encourages counsel to bring a proposed settlement agreement to the conference. If no resolution is reached, the Court will consult with the parties to determine whether an additional Settlement Conference is likely to be productive. The Court also encourages counsel to determine, prior to the Settlement Conference, the timing required for payment of any settlement funds by their client.

10. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to report the settlement

to the District Judge's Courtroom Deputy Clerk immediately, as well as to timely memorialize the settlement. *See* Local Rule 16-15.7.

IT IS SO ORDERED.

DATED: August 25, 2023

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE