| | |
|---|---|
| 1 | eJOHN J. SHAEFFER (SBN 138331) |
| | jshaeffer@FoxRothschild.com |
| 2 | FOX ROTHSCHILD LLP |
| | Constellation Place |
| 3 | 10250 Constellation Blvd, Suite 900 |
| | Los Angeles, CA 90067 |
| 4 | Telephone: 310.598.4150 |
| | Facsimile: 310.556.9828 |
| 5 | |
| 6 | MICHAEL K. TWERSKY (*pro hac vice*) |
| | mtwersky@foxrothschild.com |
| 7 | BETH L. WEISSER (*pro hac vice*) |
| | bweisser@foxrothshchild.com |
| 8 | ERIKA PAGE (*pro hac vice*) |
| | epage@foxrothschild.com |
| 9 | ALBERTO M. LONGO (*pro hac vice*) |
| | alongo@foxrothschild.com |
| 10 | FOX ROTHSCHILD, LLP |
| | 980 Jolly Road, Suite 110 |
| 11 | Blue Bell, PA 19422 |
| | Telephone: 610.397.6500 |
| | Facsimile: 610.397.0450 |

Attorneys for Plaintiffs
Sunil Kumar, Ph.D. and Praveen Sinha, Ph.D.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL KUMAR, Ph. D<br>PRAVEEN SINHA, Ph. D., | Case No. 2:22-CV-07550-RGK-MAA |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANT DR. JOLENE KOESTER'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF COMBINED TRIAL BRIEF AND MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| DR. JOLENE KOESTER, in her official capacity as Chancellor of California State University, | |
| Defendant. | |
| | Judge: R. Gary Klausner<br>Trial: October 24, 2023<br>(on the briefs) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT DR. JOLENE KOESTER'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF COMBINED TRIAL BRIEF AND MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT**

| Defendant's Statement of Uncontroverted Facts | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. The California State University ("CSU") Policy Prohibiting Discrimination, Harassment, Sexual Misconduct, Sexual Exploitation, Dating Violence, Domestic Violence, Stalking and Retaliation (Nondiscrimination Policy) ("Nondiscrimination Policy"), as revised on January 2022 states:<br>The CSU prohibits the following conduct, as defined in Article VII. Discrimination based on any Protected Status: i.e., Age, Disability (physical and mental), Gender (or sex, including sex stereotyping), Gender Identity (including transgender), Gender Expression, Genetic Information, Marital Status, Medical Condition, Nationality, Race or Ethnicity (including color, caste, or ancestry), Religion (or religious creed), Sexual Orientation, and Veteran or Military Status. | Undisputed. |
| 2. Article VII of the Nondiscrimination Policy defines Discrimination as:<br><br>"Discrimination is (an) Adverse Action(s) against a Complainant because of their Protected Status. | Undisputed. |
| 3. Article VII of the Nondiscrimination Policy defines Adverse Action as:<br><br>Adverse Action means an action engaged in by the Respondent that has | Undisputed. |

2

**PLAINTIFFS' OPPOSITION TO DEFENDANT DR. JOLENE KOESTER'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF COMBINED TRIAL BRIEF AND MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT**

| Defendant's Statement of Uncontroverted Facts | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| a substantial and material adverse effect on the Complainant's ability to participate in a university program, activity, or employment. Minor or trivial actions or conduct not reasonably likely to do more than anger or upset a Complainant does not constitute an Adverse Action. An adverse employment action is any conduct or employment action that is reasonably likely to impair an employee's job performance or prospects for advancement or promotion.<br><br>If Adverse Action is taken because of a Complainant's Protected Status, that means that the Complainant's Protected Status is a substantial motivating reason (but not necessarily the only reason) for the Adverse Action. | |
| 4. Article VII of the Nondiscrimination Policy defines Harassment as follows:<br><br> verbal, nonverbal or physical conduct engaged in because of an individual Complainant's Protected Status.  If a Complainant is harassed because of their Protected Status, that means that the Complainant's Protected Status is a substantial motivating reason (but not necessarily the only reason) for the conduct. Harassment may occur when: | Undisputed. |

3

**PLAINTIFFS' OPPOSITION TO DEFENDANT DR. JOLENE KOESTER'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF COMBINED TRIAL BRIEF AND MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT**

| Defendant's Statement of Uncontroverted Facts | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| a. Submitting to, or rejecting, the verbal, nonverbal or physical conduct is explicitly or implicitly a basis for:<br>I. Decisions that adversely affect or threaten employment, or which are being presented as a term or condition of the Complainant's employment; or<br><br>II. Decisions that affect or threaten the Complainant's academic status or progress, or access to benefits and services, honors, programs, or activities available at or through the university.<br><br>  OR<br><br>The conduct is sufficiently severe or pervasive so that its effect, whether intended or not, could be considered by a reasonable person under similar circumstances and with similar identities, and is in fact considered by the Complainant as creating an intimidating, hostile or offensive work or educational environment that denies or substantially limits an individual's ability to participate in or benefit from employment and/or educational, services, activities, other privileges provided by the CSU.<br><br>Harassment includes, but is not limited to, verbal harassment (e.g., epithets, derogatory comments, or slurs), physical harassment (e.g., assault, impeding or blocking | |

4

PLAINTIFFS' OPPOSITION TO DEFENDANT DR. JOLENE KOESTER'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF COMBINED TRIAL BRIEF AND MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT

| Defendant's Statement of Uncontroverted Facts | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| movement, or any physical interference with normal work or movement), and visual forms of harassment (e.g., derogatory posters, cartoons, drawings, symbols, or gestures.). Single, isolated incidents will typically be insufficient to rise to the level of harassment. | |
| 5. Article VII of the Nondiscrimination Policy defines Protected Status as: Protected Status includes Age, Disability (physical or mental), Gender (or sex), Genetic Information, Gender Identity (including transgender), Gender Expression, Marital Status, Medical Condition, Nationality, Race or Ethnicity (including color, caste, or ancestry), Religion or Religious Creed, Sexual Orientation, and Veteran or Military Status. | Undisputed. |
| 6. Article VII of the Nondiscrimination Policy defines Race or Ethnicity as:<br><br>"Race or Ethnicity includes ancestry, color, caste, ethnic group identification, and ethnic background." | Undisputed. Interestingly, Defendant now takes the position in the Joint Statement of Disputed and Undisputed facts that Race is undefined in the Policy. |
| 7. The Nondiscrimination Policy does not discuss, name, or mention Hinduism. | **Disputed** insofar as CSU relied upon its stakeholders' interests, their Resolutions in revising the non-discrimination Policy (the "Policy"). Pl. Tr. Br. at Exs. C (ECF No. 114-4); D ECF No. 114-5) & E (ECF No. 114-6). |
| 8. Caste is a social practice among most communities and all the major religions (Hindus, Muslims, Sikhs and Christians) in South Asia. | **Disputed**. It is **disputed** that CSU intended the term caste, as used in the Policy to apply to social practice among communities and all major religions in |

| Defendant's Statement of Uncontroverted Facts | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
|  | South Asia. While caste can be defined that way, the Policy does not define caste. Further, CSU relied upon the interests of its stakeholders in revising the Policy to include caste. Pl. Tr. Br. at Ex. B (ECF No. 114-3), 33:2-34:2. Those stakeholders include the California Faculty Association ("CFA"), the California Student Service Association ("CSSA"), and the Associated Students, Inc. of California Polytechnic State University San Luis Obispo ("ASI Cal Poly"). *Id.* at 35:19-24; 50:23-51:2; 52:21-24. The CFA, CSSA, and ASI Cal Poly submitted resolutions to CSU which unequivocally take the position that Hinduism contains a caste system. Pl. Tr. Br. at Exs. C (ECF No. 114-4); D ECF No. 114-5) & E (ECF No. 114-6). CSU admitted it relied on "stakeholder feedback" when it revised the Policy.  Pl. Tr. Br. at Ex. B (ECF No. 114-3), 20:1-7 |
| 9. CSU did not intend for its Policy to target Hinduism or any other religion. | **Disputed**. It is **disputed** that CSU intended the term caste, as used in the Policy to apply to social practice among communities and all major religions in South Asia. While caste can be defined that way, the Policy does not define caste. Further, CSU relied upon the interests of its stakeholders in revising the Policy to include caste. Pl. Tr. Br. at Ex. B (ECF No. 114-3), 33:2-34:2. Those stakeholders include the California Faculty Association ("CFA"), the California Student Service Association ("CSSA"), and the Associated Students, Inc. of California Polytechnic State University San Luis Obispo ("ASI Cal Poly"). *Id.* at 35:19-24; 50:23-51:2; 52:21-24. The CFA, CSSA, and ASI Cal Poly submitted resolutions to CSU which unequivocally take the position that Hinduism contains a caste system. Pl. Tr. Br. at Exs. C (ECF No. 114-4); D ECF No. 114-5) & |

6

**PLAINTIFFS' OPPOSITION TO DEFENDANT DR. JOLENE KOESTER'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF COMBINED TRIAL BRIEF AND MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT**

| Defendant's Statement of Uncontroverted Facts | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| | E (ECF No. 114-6). CSU admitted it relied on "stakeholder feedback" when it revised the Policy. Pl. Tr. Br. at Ex. B (ECF No. 114-3), 20:1-7 |
| 10. There is no evidence that the Chancellor or any CSU administrator ever showed any hostility toward Hinduism. | **Disputed**. It is **disputed** that CSU intended the term caste, as used in the Policy to apply to social practice among communities and all major religions in South Asia. While caste can be defined that way, the Policy does not define caste. Further, CSU relied upon the interests of its stakeholders in revising the Policy to include caste. Pl. Tr. Br. at Ex. B (ECF No. 114-3), 33:2-34:2. Those stakeholders include the California Faculty Association ("CFA"), the California Student Service Association ("CSSA"), and the Associated Students, Inc. of California Polytechnic State University San Luis Obispo ("ASI Cal Poly"). *Id.* at 35:19-24; 50:23-51:2; 52:21-24. The CFA, CSSA, and ASI Cal Poly submitted resolutions to CSU which plainly take the position that Hinduism contains a caste system. Pl. Tr. Br. at Exs. C (ECF No. 114-4); D ECF No. 114-5) & E (ECF No. 114-6). CSU admitted it relied on "stakeholder feedback" when it revised the Policy. Pl. Tr. Br. at Ex. B (ECF No. 114-3), 20:1-7 |
| 11. The Nondiscrimination Policy has not been enforced against Plaintiffs on the basis of caste. | Undisputed (but irrelevant to this facial challenge and Plaintiffs two remaining claims) |
| 12. No one has threatened to enforce the Non-discrimination Policy against Plaintiffs on the basis of caste. | Undisputed (but irrelevant to this facial challenge and Plaintiffs two remaining claims). |
| 13. Plaintiffs are unaware of any actions taken against them due to the addition of "caste" to the Policy. | Undisputed (but irrelevant to this facial challenge and Plaintiffs two remaining claims). |

7

**PLAINTIFFS' OPPOSITION TO DEFENDANT DR. JOLENE KOESTER'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF COMBINED TRIAL BRIEF AND MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT**

| Defendant's Statement of Uncontroverted Facts | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 14. "Both [Plaintiffs] hold the sincere religious belief that neither caste nor a discriminatory caste system are in any way part of the Hindu religion or its teachings." | Undisputed (but irrelevant to this facial challenge and Plaintiffs two remaining claims). |
| 15. Plaintiff Kumar's religious beliefs do not require him to treat people of different castes differently. | Undisputed (but irrelevant to this facial challenge and Plaintiffs two remaining claims). |
| 16. Plaintiff Kumar cannot identify any way in which he has changed his religious beliefs or practice because of the Nondiscrimination Policy and states "there is no reason to change [his] beliefs so far." | **Disputed in part; undisputed in part.** It is undisputed that Plaintiff Kumar has not changed his religious beliefs or practice because of the Nondiscrimination Policy (but that is irrelevant to this facial challenge and Plaintiffs two remaining claims). It is **disputed** insofar as Plaintiffs have suffered a concrete injury "of non-economic interests of a spiritual, as opposed to a physical or pecuniary nature." *Catholic League for Religious & C.R. v. Cnty. of San Francisco*, 624 F.3d 1043, 1049 (9th Cir. 2010). |
| 17. Plaintiff Sinha's religious beliefs do not require him to treat people of different castes differently. | Undisputed (but irrelevant to this facial challenge and Plaintiffs two remaining claims). |
| 18. Plaintiff Sinha has not changed his religious beliefs or practice because of the Nondiscrimination Policy. | **Disputed in part; undisputed in part.** It is undisputed that Plaintiff Sinha has not changed his religious beliefs or practice because of the Nondiscrimination Policy (but that is irrelevant to this facial challenge and Plaintiffs two remaining claims). It is **disputed** insofar as Plaintiffs have suffered a concrete injury "of non-economic interests of a spiritual, as opposed to a physical or pecuniary nature." *Catholic League for Religious & C.R. v. Cnty. of San Francisco*, 624 F.3d 1043, 1049 (9th Cir. 2010). |

| Defendant's Statement of Uncontroverted Facts | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 19. CSU's Nondiscrimination Policy has not required any religious organization of which plaintiffs are members to alter its doctrines and/or teachings, or to alter its internal policies, procedures or practices. | **Disputed in part; undisputed in part.** It is undisputed that CSU's Nondiscrimination Policy has not required any religious organization of which plaintiffs are members to alter its doctrines and/or teachings, or to alter its internal policies, procedures or practices (but that is irrelevant to this facial challenge and Plaintiffs two remaining claims). It is **disputed** insofar as Plaintiffs have suffered a concrete injury "of non-economic interests of a spiritual, as opposed to a physical or pecuniary nature." *Catholic League for Religious & C.R. v. Cnty. of San Francisco*, 624 F.3d 1043, 1049 (9th Cir. 2010). |

Dated: October 3, 2023

Respectfully submitted,

*/s/ John Shaeffer*
**FOX ROTHSCHILD LLP**
John Shaeffer, Esq. (SBN 138331)
Michael Twersky, Esq. (*pro hac vice*)
Beth Weisser, Esq. (*pro hac vice*)
Erika Page, Esq. (*pro hac vice*)
Alberto M. Longo Esq. (*pro hac vice*)

9

**PLAINTIFFS' OPPOSITION TO DEFENDANT DR. JOLENE KOESTER'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF COMBINED TRIAL BRIEF AND MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT**

9

**PLAINTIFFS' OPPOSITION TO DEFENDANT DR. JOLENE KOESTER'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF COMBINED TRIAL BRIEF AND MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT**