JOHN J. SHAEFFER (SBN 138331)
    jshaeffer@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone:    310.598.4150
Facsimile:    310.556.9828

MICHAEL K. TWERSKY (*pro hac vice*)
    mtwersky@foxrothschild.com
BETH L. WEISSER (*pro hac vice*)
    bweisser@foxrothshchild.com
ERIKA PAGE (*pro hac vice*)
    epage@foxrothschild.com
ALBERTO M. LONGO (*pro hac vice*)
    alongo@foxrothschild.com
FOX ROTHSCHILD, LLP
980 Jolly Road, Suite 110
Blue Bell, PA 19422
Telephone:    610.397.6500
Facsimile:    610.397.0450

Attorneys for Plaintiffs
Sunil Kumar, Ph.D. and Praveen Sinha, Ph.D.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUNIL KUMAR, Ph. D<br>PRAVEEN SINHA, Ph. D.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DR. JOLENE KOESTER, in her official capacity as Chancellor of California State University,<br><br>    Defendant. | Case No. 2:22-CV-07550-RGK-MAA<br><br>**OBJECTIONS TO DISPUTED FACTS**<br><br>Judge:    R. Gary Klausner<br>Trial:    October 24, 2023<br>    (on the briefs) |

**OBJECTIONS TO DISPUTED FACTS**

# OBJECTIONS TO DISPUTED FACTS[1]

Plaintiffs Sunil Kumar and Praveen Sinha ("Plaintiffs") respectfully submit the following Objections to the Disputed Facts jointly filed by the parties:

**DISPUTED FACT NO. 39.** There is not one universally accepted definition of "ethnicity."

**OBJECTION:** Plaintiffs object to this Disputed Fact based on relevance, as the term "ethnicity" is not an issue in this case. That term has no bearing on any claim or defense in this matter.

**DISPUTED FACT NO. 40.** There is not one universally accepted definition of "religion."

**OBJECTION:** Plaintiffs object to this Disputed Fact based on relevance, as the term "religion" is not an issue in this case. That term has no bearing on any claim or defense in this matter.

**DISPUTED FACT NO. 41.** There is not one universally accepted definition of "sex."

**OBJECTION:** Plaintiffs object to this Disputed Fact based on relevance, as the term "sex" is not an issue in this case. That term has no bearing on any claim or defense in this matter.

**DISPUTED FACT NO. 42.** Caste systems are descent-based systems of social stratification that exists in many parts of the world, including South Asia, East Asia, Africa, and the Americas. [Expert Report by Dr. Ajantha Subramanian ("Subramanian Report") 3 (available at ECF No. 115-30, which is Exh. 26 to Michalowski Decl.).]

---

[1] The objections herein apply to Defendant's Statement of Undisputed Facts in support of Defendant's Motion for Summary Judgment (ECF No. 115), which were not jointly prepared or provided to Plaintiffs in advance. Accordingly, those "facts" are not necessarily undisputed as Defendant represents.

**OBJECTION:** Plaintiffs' object to this Disputed Fact on the grounds that, by definition, this statement is based on an expert "opinion" and, therefore, is not a "fact." Plaintiffs object further on the grounds that expert testimony is improper to address the two issues remaining in this case: (1) whether CSU's inclusion of caste in the Policy is unconstitutionally vague; and (2) whether the Policy violates the Establishment Clause by taking an official position on Hinduism.  First, whether a law is unconstitutionally vague requires that the Court consider whether the Policy gives a "person of ***ordinary intelligence*** a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)) (emphasis added).  It is entirely irrelevant what any of Defendant's experts think regarding caste.  In fact, CSU's experts seek to determine how ***courts*** – not the "person of ordinary intelligence" – should interpret caste. *See, e.g.*, Defendant's Trial Brief (ECF No. 115) at pp. 23-25.  Second, as the Ninth Circuit explained in *Calif. Parents for the Equalization of Educational Materials v. Torlakson*, 973 F.3d 1010, 1021, (9th Cir. 2020), in evaluating whether an Establishment Clause violation exists courts must view the challenged terms "from the perspective of an objective, reasonable, observer, and not that of an academic who is an expert in the field." Indeed, "[a]n expert's understanding of the terms is irrelevant." *Id*. Thus, this Court should disregard any expert opinion in this matter.

**DISPUTED FACT NO. 43.** Caste is not coextensive with Hinduism or any other religion. [Subramanian Report, 7-10 (ECF No. 115-30).]

**OBJECTION:** Plaintiffs' object to this Disputed Fact on the grounds that, by definition, this statement is based on an expert "opinion" and, therefore, is not a "fact." Plaintiffs object further on the grounds that expert testimony is improper in this matter for the reasons set forth above in their Objection to Disputed Fact No. 42, which is incorporated herein by reference as if set forth in full.

**DISPUTED FACT NO. 44.** Caste is not coextensive with India or South Asia. [Subramanian Report, 3-4 (ECF No. 115-30); Expert Report of Professor Frank S. Ravitch ("Ravitch Report"), 9-10 (available at ECF No. 115-33, which is Exh. 28 to the Declaration of Frank S. Ravitch ("Ravitch Decl.") (ECF No. 115-32).]

**OBJECTION:** Plaintiffs' object to this Disputed Fact on the grounds that, by definition, this statement is based on an expert "opinion" and, therefore, is not a "fact." Plaintiffs object further on the grounds that expert testimony is improper in this matter for the reasons set forth above in their Objection to Disputed Fact No. 42, which is incorporated herein by reference as if set forth in full.

**DISPUTED FACT NO. 46.** The Merriam-Webster dictionary contains multiple definitions of "race:"

    1    a. see usage paragraph below : any one of the groups that humans are often divided into based on physical traits regarded as common among people of shared ancestry

           b. dated : a group of people sharing a common cultural, geographical, linguistic, or religious origin or background

           c. archaic : the descendants of a common ancestor : a group sharing a common lineage

    2    a: a group of living things considered as a category

        b archaic : BREED

    3    biology : a group within a species that is distinguishable (as morphologically, genetically, or behaviorally) from others of the same species also : a usually informal taxonomic category representing such a group that is often considered equivalent to a subspecies

    4    archaic : a group of people sharing some habit or characteristic (such as profession or belief)

[Merriam-Webster, https://www.merriam-webster.com/dictionary/race]

**OBJECTION:** Plaintiffs object to this Disputed Fact based on relevance, as the term "race" is not an issue in this case. That term has no bearing on any claim or defense in this matter.

**DISPUTED FACT NO. 47.** The Merriam Webster dictionary contains two definitions of the term "ethnicity:"

    1: ethnic quality or affiliation

    2: a particular ethnic affiliation or group.

Both definitions turn on multiple definitions of the term "ethnic:"

    1a: of or relating to large groups of people classed according to common racial, national, tribal, religious, linguistic, or cultural origin or background

    b: being a member of a specified ethnic group

    c: of, relating to, or characteristic of a minority ethnic group

    2: of or relating to the Gentiles or to nations not converted to Christianity: PAGAN

[Merriam-Webster, https://www.merriam-webster.com/dictionary/ethnicity; Merriam-Webster, https://www.merriam-webster.com/dictionary/ethnic]

**OBJECTION:** Plaintiffs object to this Disputed Fact based on relevance, as the term "ethnicity" is not an issue in this case. That term has no bearing on any claim or defense in this matter.

**DISPUTED FACT NO. 48.** The Merriam-Webster dictionary contains multiple definitions of "sex," and a usage note stating that "usage of sex and gender is by no means settled."

    1a: either of the two major forms of individuals that occur in many species and that are distinguished respectively as female or male especially on the basis of their reproductive organs and structures

    b: the sum of the structural, functional, and sometimes behavioral

      characteristics of organisms that distinguish males and females

      c: the state of being male or female

      d: males or females considered as a group

      2a: sexually motivated phenomena or behavior

      b: SEXUAL INTERCOURSE

      3: GENITALIA

[Merriam-Webster, https://www.merriam-webster.com/dictionary/sex]

**OBJECTION:** Plaintiffs object to this Disputed Fact based on relevance, as the term "sex" is not an issue in this case. That term has no bearing on any claim or defense in this matter.

**DISPUTED FACT NO. 61.** CSU did not intend for its Policy to target Hinduism or any other religion. [Anson Decl. ¶ 8 (ECF No. 115-4); Anson Dep. Tr. 49:25-50:3, 73:6-11 (ECF No. 115-13).]

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is not a "fact" but a legal conclusion and/or opinion not supported by the record.

**DISPUTED FACT NO. 62.** The Policy prohibits caste discrimination by all members of the CSU community, regardless of their religion or national origin. [See Sinha Dep. Tr. 135:13–136:15 (ECF No. 115-22); Kumar Dep. Tr. 81:10–18 (ECF No. 115-15).].

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it refers to a written document that speaks for itself. Accordingly, Plaintiffs refer the Court to that document.

**DISPUTED FACT NO. 64.** The Nondiscrimination Policy has not been enforced against Plaintiffs on the basis of caste. [Kumar Dep. Tr. 146:16–147:21 (ECF No. 115-14); Sinha Dep. Tr. 27:10–28:22 (ECF No. 115-22); Pls.' Resp. to Def.'s

Interrogs. 8:11-9:25 (ECF No. 115-9).]

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is irrelevant. Specifically, Plaintiffs assert a facial challenge to the Nondiscrimination Policy's inclusion of the undefined term "caste." This is not an as-applied challenge. Therefore, this fact has no bearing whatsoever on Plaintiffs' remaining Establishment Clause and Due Process claims.

**DISPUTED FACT NO. 65.** No one has threatened to enforce the Nondiscrimination Policy against Plaintiffs on the basis of caste. [Kumar Dep. Tr. 146:16 –147:21 (ECF No. 115-15); Sinha Dep. Tr. 27:10–28:22 (ECF No. 115-22); Pl. Kumar's Resp. to Def.'s Req. for Admis. 4:8-10 (ECF No. 115-10), which is Exh. 6 to Michalowski Decl.; Pl. Sinha's Resp. to Def.'s Req. for Admis. 4:12-21 (ECF No. 115-11), which is Exh. 7 to Michalowski Decl.].

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is irrelevant. Specifically, Plaintiffs assert a facial challenge to the Nondiscrimination Policy's inclusion of the undefined term "caste." This is not an as-applied challenge. Therefore, this fact has no bearing whatsoever on Plaintiffs' remaining Establishment Clause and Due Process claims.

**DISPUTED FACT NO. 66.** Plaintiffs are unaware of any actions taken against them due to the addition of "caste" to the Policy. [Pls.' Resp. to Def.'s Interrogs. 8:11-9:25 (ECF No. 115-9).]

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is irrelevant. Specifically, Plaintiffs assert a facial challenge to the Nondiscrimination Policy's inclusion of the undefined term "caste." This is not an as-applied challenge. Therefore, this fact has no bearing whatsoever on Plaintiffs' remaining Establishment Clause and Due Process claims.

1 **DISPUTED FACT NO. 67.** "Both [Plaintiffs] hold the sincere religious belief that neither caste nor a discriminatory caste system are in any way part of the Hindu religion or its teachings." [First Amended Complaint ¶ 18.]

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is irrelevant. Specifically, Plaintiffs assert a facial challenge to the Nondiscrimination Policy's inclusion of the undefined term "caste." This is not an as-applied challenge. Therefore, this fact has no bearing whatsoever on Plaintiffs' remaining Establishment Clause and Due Process claims.

**DISPUTED FACT NO. 68.** Plaintiff Kumar's religious beliefs do not require him to treat people of different castes differently. [Kumar Dep. Tr. 108:13–20 (ECF No. 115-15).]

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is irrelevant. Specifically, Plaintiffs assert a facial challenge to the Nondiscrimination Policy's inclusion of the undefined term "caste." This is not an as-applied challenge. Therefore, this fact has no bearing whatsoever on Plaintiffs' remaining Establishment Clause and Due Process claims.

**DISPUTED FACT NO. 69.** Plaintiff Kumar cannot identify any way in which he has changed his religious beliefs or practice because of the Nondiscrimination Policy and states "there is no reason to change [his] beliefs so far." [Kumar Dep. Tr. 106:13–14, 11:11 (ECF No. 115-15).].

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is irrelevant. Specifically, Plaintiffs assert a facial challenge to the Nondiscrimination Policy's inclusion of the undefined term "caste." This is not an as-applied challenge. Therefore, this fact has no bearing whatsoever on Plaintiffs' remaining Establishment Clause and Due Process claims.

**DISPUTED FACT NO. 70.** Plaintiff Sinha's religious beliefs do not require him to treat people of different castes differently. [Sinha Dep. Tr. 91:6–9 (ECF No. 115-22).]

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is irrelevant. Specifically, Plaintiffs assert a facial challenge to the Nondiscrimination Policy's inclusion of the undefined term "caste." This is not an as-applied challenge. Therefore, this fact has no bearing whatsoever on Plaintiffs' remaining Establishment Clause and Due Process claims.

**DISPUTED FACT NO. 71.** Plaintiff Sinha has not changed his religious beliefs or practice due to CSU's implementation of the Nondiscrimination Policy. [Sinha Dep. 90:23–91:5 (ECF No. 115-22).]

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is irrelevant. Specifically, Plaintiffs assert a facial challenge to the Nondiscrimination Policy's inclusion of the undefined term "caste." This is not an as-applied challenge. Therefore, this fact has no bearing whatsoever on Plaintiffs' remaining Establishment Clause and Due Process claims.

**DISPUTED FACT NO. 72.** CSU's Nondiscrimination Policy has not required any religious organization of which plaintiffs are members to alter its doctrines and/or teachings, or to alter its internal policies, procedures or practices. [Pl. Kumar's Resp. to Def.'s Req. for Admis. 5:3-23 (ECF No. 115-10), which is Exh. 6 to Michalowski Decl.; Pl. Sinha's Resp. to Def.'s Req. for Admis. 5:14-6:7 (ECF No. 115-11), which is Exh. 7 to Michalowski Decl.]

**OBJECTION:** Plaintiffs object to this Disputed Fact on the grounds that it is irrelevant. Specifically, Plaintiffs assert a facial challenge to the Nondiscrimination Policy's inclusion of the undefined term "caste." This is not an as-applied challenge. Therefore, this fact has no bearing whatsoever on Plaintiffs' remaining

Establishment Clause and Due Process claims.

Respectfully submitted,

Dated: October 3, 2023          **FOX ROTHSCHILD LLP**

By: */s/ John J. Shaeffer*
    JOHN J. SHAEFFER
    MICHAEL K. TWERSKY
    BETH L. WEISSER
    ERIKA PAGE
    ALBERTO M. LONGO

Attorneys for Plaintiffs Sunil Kumar, Ph,D. and Praveen Sinha, Ph,D.