UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07550-RGK-MAA | | Date | November 6, 2023 |
|---|---|---|---|---|
| Title | ***Kumar v. Koester*** | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order to Show Cause Re: Standing to Assert Due Process Clause Claim**

On February 28, 2023, Sunil Kumar and Praveen Sinha ("Plaintiffs") filed a First Amended Complaint ("FAC") against Jolene Koester ("Defendant") in her official capacity as Chancellor of California State University ("CSU"). (ECF No. 80.) Plaintiffs alleged that the inclusion of the word "caste" in CSU's interim antidiscrimination policy ("Policy") violates their constitutional rights under (1) the Equal Protection Clause, (2) the First Amendment's Free Exercise Clause, (3) the First Amendment's Establishment Clause, and (4) the Due Process Clause.

On May 18, 2023, Defendant moved for Judgment on the Pleadings. (ECF No. 90.) Defendant argued that Plaintiffs lack standing to assert each of their claims. On July 25, 2023, the Court granted the Motion in part. (ECF No. 102.) The Court determined that Plaintiffs lacked standing to assert their Equal Protection Clause and Free Exercise Clause claims, but had standing to assert their Establishment Clause and Due Process Clause claims. The Establishment Clause and Due Process Clause claims proceeded to a now-pending court trial on the briefs. In her court trial briefing, Defendant once again asks the Court to find that Plaintiffs lack standing. Defendant has argued that Plaintiffs lack standing to assert a Due Process Clause claim absent a threat of enforcement. (Def.'s Opp'n to Pl.'s Trial Br. at 9–10, ECF No. 117.)

In its previous analysis of standing for the Due Process Clause claim, the Court relied upon *Arce v. Douglas*, 793 F.3d 968 (9th Cir. 2015). In *Arce*, the Ninth Circuit held that the plaintiffs had standing to challenge a provision that had been previously enforced, reasoning, "where the effect of a vague statute would infringe upon a party's First Amendment rights, standing requirements to challenge the statute under the Fourteenth Amendment Due Process Clause are broader than they otherwise might be." *Id.* at 987.

The Court's own research reveals that a plaintiff asserting a pre-enforcement facial challenge must demonstrate, at minimum, an intention to violate the challenged provision and a credible threat of enforcement. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). This is true even when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-07550-RGK-MAA | Date | November 6, 2023 |
|---|---|---|---|
| Title | *Kumar v. Koester* | | |

challenged statute implicates First Amendment rights. *See, e.g.*, *Tingley v. Ferguson*, 47 F.4th 1055, 1067 (9th Cir. 2022); *see also Thomas v. Anchorage Equal Rts. Comm'n*, 229 F.3d 1134, 1143 (9th Cir. 2000) (O'Scannlain, J., concurring) ("potential litigants aggrieved by existing law . . . [are] virtually unable to bring pre-enforcement challenges in this circuit even in the most sensitive First Amendment context where the laws allegedly burden their freedom of speech and the free exercise of their religion.").

Plaintiffs have not yet had an opportunity to address standing requirements for a pre-enforcement challenge as set forth in *Driehaus*, *Tingley*, and *Thomas*. Accordingly, the Court **orders** Plaintiffs to **show cause in writing** why the Due Process Clause claim should not be dismissed for lack of subject matter jurisdiction as a pre-enforcement facial challenge when Plaintiffs have not indicated either (1) any intent to violate the Policy or (2) any threat of enforcement. Plaintiffs' response shall be submitted within **seven days** of this Order's issuance and shall not exceed **five pages in length**.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | JRE/ak |